**WEST v. CINCINNATI, N. O. & T. P. RY. CO. et al.**

**Civ. A. No. 1792.**

United States District Court
E. D. Tennessee, N. D.

Oct. 29, 1952.

Hodges & Doughty, Knoxville, Tenn., J. Defoe Pemberton, Maxwell Sexton, Oneida, Tenn., for plaintiff.

Chas. H. Smith, Fowler, Long & Fowler, Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, District Judge.

Motion has been filed by Guy A. Thompson, trustee for Missouri Pacific Railway Company, for a summary judgment dismissing the action as to Missouri Pacific on the ground that the action is barred as to this defendant by the Tennessee one-year statute of limitations. The Tennessee Code sections relied on in support of the motion are 8571, 8592 and 8595.

Section 8571 is as follows:

*"Commencement of an action by suing out summons.*—The suing out of a summons is the commencement of an action, within the meaning of this chapter, whether it be executed or not, if the action is duly prosecuted and continued by the issuance of alias process from term to term, or recommenced within one year after the failure to execute."

Sections 8592 and 8595, when read together, provide that an action for personal injury shall be commenced within one year after the cause of action has accrued.

Arthur Jennings West, husband of the plaintiff, sustained injuries November 18, 1950, when in cooperation with others he endeavored to close the door of a freight car located on a track of the C., N. O. & T. P. Railway Company but owned by the Missouri Pacific Railway Company, which door allegedly because of its defects fell upon the said Arthur Jennings West. His death, allegedly as a proximate result of the injuries sustained November 18, 1950, occurred July 25, 1951. The complaint in this action was filed November 10, 1951. Summons for the C., N. O. & T. P. Railway Company was prepared November 10, 1951, by the clerk of the court and delivered to the marshal on the same date. Its return shows that service was executed December 4, 1951, upon an agent of that company.

Also, on November 10, 1951, a summons for Missouri Pacific was prepared by the clerk. This summons was delivered to the marshal November 27, 1951, and on the same date was served upon an employee of the Missouri Pacific. This summons, although drawn on November 10, 1951, was held by the clerk until November 27, 1951.

Affidavit of Mary W. Johnson, deputy clerk, contains the following: "At the time of the filing of the complaint I was advised by counsel for the plaintiff, that the person upon whom the process was to be served, in so far as the defendant, Guy A. Thompson, Trustee for Missouri Pacific Railway Company, is concerned, was then unknown."

Recalling that plaintiff's cause of action accrued November 18, 1950, it will be seen that the complaint of November 10, 1951, was timely filed. The year of limitations expired November 18, 1951. As the summons to be served upon Missouri Pacific was not delivered to the marshal until November 27, 1951, it is defendant's contention that the statute of limitations was not tolled but took effect November 18, 1951.

Rule 3 of the Federal Rules of Civil Procedure, 28 U.S.C.A., is as follows: "A civil action is commenced by filing a complaint with the court." Rule 4 in part is as follows: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal * * *." The quotations above indicate that preparation and delivery of the summons to the marshal should follow immediately upon the filing of the complaint. The Rules place no obligation upon the clerk to supply the marshal with addresses of individual defendants or names and addresses of officials of corporate defendants. Service of process is made a duty of the marshal, and it may be implied that the ascertainment of addresses goes with that duty. The affidavit of Mary W. Johnson, deputy clerk, leaves unanswered the obvious question as to whether the summons was withheld from delivery at the instance of plaintiff's counsel or on her own initiative. As this withholding of delivery was not in accord with either Rule 4 or customary procedure, the natural inference is that the withholding was at the instance of plaintiff's counsel. If delinquency in this connection is material, it must be charged to plaintiff.

On purely procedural matters, the Federal Rules control. In a number of federal cases, Rule 3 has been construed as having reference to *time,* as well as *method.* But where the defense of a State statute of limitations is pleaded in an action to enforce a state right, the time of commencement of an action is treated as substantive, hence controlled not by federal, but by state rules as to when an action is commenced to enforce the right. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520.

It is not disputed that plaintiff's cause of action, being that of her husband, preserved to her by statute, Tennessee Code Section 8236, accrued November 18, 1950. The statute of limitations began to run on that date. Whaley v. Catlett, 103 Tenn. 347, 53 S.W. 131; Wilson v. Massengill, 6 Cir., 124 F.2d 666. The year of limitation accordingly expired November 18, 1951, unless the statute was tolled by commencement of an action prior to that date. The question is whether the action was timely commenced as to Missouri Pacific.

Under Tennessee procedure, an action is commenced by the suing out of a summons. The summons is prepared by the clerk of the court in which suit is brought. It is delivered to the sheriff for execution. In practice it is sometimes delivered to counsel for plaintiff who, in turn, delivers it to the sheriff. Under federal practice the summons and complaint are served together. Rule 4(d). Under state practice the summons may be served alone, but it differs from the federal summons in that its recitations may be, and in practice are, sufficient to apprise defendant of the nature of the action that has been started against him. Code sec. 8648.

It is contemplated by Code sec. 8571 that in some cases the sheriff will be unable to execute the summons. The language of the section in this particular would be superfluous if mere preparation of the summons were all that is needed to commence action. A summons serves two primary functions. First, it apprises the defendant of the fact that he is being sued. Second, it apprises him, though in general terms, of the nature of the action against him. "The principle of notice is involved. Upon notice to the defendant by suit commenced within one year the running of the

statute of limitations is suspended; * *." Moran v. Weinberger, 149 Tenn. 537, 544, 260 S.W. 966, 968. It is not, however, a function of the summons to toll the statute of limitations. That result is incidental to the primary function of commencing the action.

In the case here, if preparation of the summons by the clerk accomplished any result within the year of limitation, that result was the tolling of the statute, nothing more. It did not apprise defendant that it was being sued, nor did it make any progress in that direction within the year. The summons prepared here within the year in the normal course of events would have resulted in notice to defendant within the year, but deliberate withholding of the same from the marshal defeated the affirmative purpose for which the summons was prepared.

■ The conclusion to be drawn from Tennessee decisions is that process cannot thus be held in abeyance as a means of defeating the running of the statute. An affidavit filed by plaintiff's counsel contains the following: "At the time the complaint was prepared, and filed, with the clerk, as afore-stated, it was with the intention, on the part of plaintiff and her attorneys, that summons issue as to each of the defendants, and be served upon said defendants, or their duly authorized representatives." This affidavit as to intention leaves indefinite the time within which it was intended that service be effected. It does not negative the fact that the summons was deliberately held in abeyance, or that it was in abeyance until after the year of limitations had run.

Among all the cases cited by the parties there is none that exactly fits the situation here. Most of them state that an action is commenced by the suing out of a summons, this being a repetition in substance of the language of the statute. Sec. 8571. Some of the cases arose under Code Section 8572 and dealt with section 8571 incidentally, without reaching the issue that is so distinctly presented here.

In Ridgeway Sprankle Co. v. Carter, 176 Tenn. 442, 143 S.W.2d 527, a case remotely similar to this, it was held that action had commenced within the period of limitation where a summons was drawn two days before expiration of the period and placed in the hands of an officer on the day of expiration, or the next day thereafter. In that case the Court found that in having the summons drawn plaintiff did so with a bona fide intention that it be served on defendants and observed that such intention was the controlling factor. But the Court also noted that the summons was "promptly delivered to the sheriff within not more than three days after its issuance". At page 445 of 176 Tenn., at page 528 of 143 S.W.2d, the Court continued its observations as follows: "The controlling principle is thus stated in 1 C.J., 1154, 1 C.J.S., Actions, § 129: 'It is essential that the process shall be issued with the bona fide intention that it shall seasonably and in due course be served, and if it is issued provisionally, as where it is not to be served until further instructions, or until a certain time or event, the action will not be considered as commenced until the date or contingency specified.' Among the cases cited in support of the text is that of East Tennessee Coal Co. v. Daniel, 100 Tenn. 65, 42 S.W. 1062, * * *."

In the case of East Tennessee Coal Co. v. Daniel, 100 Tenn. 65, 42 S.W. 1062, 1065, a summons was issued five days before expiration of the period of limitation. There was no proof that it was ever placed in the hands of an officer for service. Several months after expiration of the running of the period of limitation, plaintiff dismissed his alleged action and commenced anew. Under the Code section which is now carried as section 8572 a new action could have been commenced, had the prior action been commenced within the period of limitation applicable to it. If the drawing of a summons had been the commencement of an action, the earlier suit would have been timely commenced. The necessary implication to be drawn from the case is that something more is required than the drawing of the summons within the limitation period.

In the Daniels case the Supreme Court held that the Trial Judge was in error in

280

refusing to charge the jury as follows: " 'If the proof as to the former suit alleged to have been brought by plaintiff against defendant for this same cause of action leaves it in doubt whether the original summons was issued by the clerk to the sheriff, or to the plaintiff's counsel, and fails to show that it was ever given to an officer for service, and if you should further find the fact to be that such former suit was dismissed by the plaintiff because of want of due service of process, and was thereupon dismissed by the court, and judgment awarded against plaintiff for costs, I charge you, under such a state of facts, the law to be that such former suit and its dismissal would not save the running of the statute of limitations, and that the present suit, brought more than a year after plaintiff's injury was received, would in such case be barred, and your verdict should be for defendant.' "

As suggested in the foregoing quotation and in decisions heretofore cited, under state practice the handling of the summons is somewhat informal. On occasion it may be handed to plaintiff's counsel for delivery to the sheriff. It is sometimes mailed to the sheriff. Sometimes it is delivered to him in person upon his next routine call. But in all of the cases runs the expectation that it will be delivered in due course for execution. Deliberate retention of the summons indefinitely for the invalid reason that identity of a defendant's agent upon whom to serve process is unknown conforms to neither the state nor the federal rules for commencement of an action. The only conclusion that can legally be drawn is, that the action against Missouri Pacific was not timely. It cannot be said that this result is harsh or inequitable, for there was a period of one year within which suit could have been started. It is intimated, at least, in the decisions that sec. 8571 should be liberally construed in favor of the plaintiff. Certainly its requirements are followed with considerable informality. But a different rule is applied to sec. 8595. "The statute of limitations is looked upon with favor as a statute of repose." Patten v. Stand-

ard Oil Co. of Louisiana, 165 Tenn. 438, 446, 55 S.W.2d 759, 762.

An order will be prepared, dismissing the action as to Missouri Pacific.