L. C. HIXON
v.
B. A. HIGHSMITH.
No. 1079.

United States District Court
E. D. Tennessee, Northeastern Division.
Jan. 21, 1957.

# 802

John A. Armstrong, Greeneville, Tenn., for plaintiff.

Wilbur Piper, Fowler, Rowntree & Fowler, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Plaintiff claims to have suffered personal injuries and property damage as a result of the defendant's negligent driving of his automobile in Greeneville, Tennessee, on January 8, 1955.

Complaint was filed in the Greeneville court on January 6, 1956, in which it was alleged that plaintiff was a citizen of Tennessee and the defendant a citizen and resident of North Carolina. Summons was issued on the same date and was returned by the Deputy Marshal on January 9, 1956 with the statement that the defendant was no longer in the Tennessee district but could be reached at the "Bright Leaf and Burley Tobacco Company at Smithfield, North Carolina, the return being signed January 11, 1956." Nothing further was done in the case, although the regular March 1956 term of the Greeneville court intervened, until September 19, 1956, when an order was entered granting "plures summons." Another summons was issued on November 21, 1956, which was served by the Marshal in Greeneville, Tennessee, on November 30, 1956.

Defendant has moved to quash the summons upon the ground that the Court is without jurisdiction to try the case on the merits. The motion must be sustained as to that part of the complaint that seeks recovery for personal injuries and overruled as to that part of the complaint that seeks recovery for damages to plaintiff's automobile. Action for injuries to the person must be commenced within one year after the cause of action accrues. Sec. 28–304, Tennessee Code Ann. Action for injuries to personal property must be commenced within three years from the accruing of the cause of action. Sec. 8598, Supp. to Code of Tennessee 1950. This was the statute of limitations that was in effect on the date of the accident. The same three year limitation exists under the new Tennessee Code. Sec. 28–305.

Tennessee provides for constructive service on non-resident motor vehicle drivers. They designate the Secretary of State as their agent to accept service of process but such designation only continues for one year from the date of an accident or injury. Secs. 8671, 8672, Supp. to Code of Tennessee 1950.

The return by the United States Marshal of the January 1, 1956 summons put plaintiff upon notice that defendant was in the State of North Carolina and therefore not available for service. Rules 3 and 4(a) Fed.Rules Civ. Proc. 28 U.S.C., provide as follows:

"Rule 3. Commencement of Action.

"A civil action is commenced by filing a complaint with the court."

"Rule 4. Process

"(a) Summons: Issuance.

"Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specifically appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants"

These rules contemplate the issuing of a summons and the placing of the summons in proper channels for service in order to toll the statute of limitations. The return of the Marshal was notice to the plaintiff that the summons for the defendant was not in proper channels for service. He could have proceeded under secs. 8671 and 8672, Supp. to Code of Tennessee 1950, by sending the original summons and a copy to the Secretary of State, together with $2, who would have mailed it to the defendant at his North Carolina address. Failure to obtain service by this method did not toll the one year statute of limitations as to the claim for personal injury. Arrowood v. McMinn County, 173 Tenn. 562, 121 S.W.2d 566, 119 A.L.R. 855; Tabor v. Mason Dixon Lines, Inc., 196 Tenn. 198, 264 S.W.2d 821.

Personal service was not obtained on the defendant until November 30, 1956, or approximately 23 months after the accident. The filing of the complaint on January 6, 1956 and obtaining an order on September 19, 1956 for a "plures summons," in the light of the information obtained on the Marshal's return on the original summons on January 11, 1956 to the effect that defendant was no longer in the State of Tennessee and was in the State of North Carolina, were not sufficient to toll the one year statute of limitations for plaintiff's personal injuries. West v. Cincinnati, N. O. & T. P. Ry. Co., D.C., 108 F. Supp. 276. (October 29, 1952).

That part of plaintiff's claim for damages to property cannot be abated because personal service was had on plaintiff within three years after the cause of action accrued.

Let an order be prepared dismissing with prejudice that part of the action which relates to personal injury because barred by the statute of limitations and without prejudice that part of the action which relates to property damage because the jurisdictional amount is not present.