Nola Robertson and Husband, W. C. Robertson,

*v.*

Giant Food Market, Inc.

358 S.W.2d. 338.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

Stacy J. Grayson, Bristol, for plaintiffs.

Joseph Fuller, Kingsport, for defendant.

Mr. Justice White delivered the opinion of the Court.

These two cases for damages sounding in tort were consolidated and heard together.

Mrs. Robertson received injuries by reason of the alleged negligence of defendant, Giant Food Market. The Court of Appeals reversed the action of the Trial Judge in sustaining the defendant's plea of the one year statute of limitations applicable to tort actions. We have granted certiorari.

Determination of this disagreement between the two Courts turns upon the construction of Section 28-105, T.C.A. reading as follows:

"28-105. Summons as commencement of action.—

"The suing out of a summons is the commencement of an action, within the meaning of this title, whether it be executed or not, if the action is duly prosecuted and continued by the issuance of alias process from term to term, or recommenced within one (1) year after the failure to execute."

The accident occurred on October 29, 1959. In September or October of 1960, prior to the expiration of one year from the date of the accident, attorney for the plaintiffs informed attorney for the defendant that he was representing the Robertsons who were claiming damages as a result of the aforesaid accident. The record does not indicate what offer, if any, or counter-offers were made in settlement of the case, but Mr. Grayson testified that negotiations were had and that Mr. Fuller told him to do nothing further until he, Grayson, heard from Fuller. Mr. Fuller, as a witness, denies this testimony of Mr. Grayson.

On October 18, 1960, Mr. Grayson caused the Deputy Circuit Court Clerk, Mr. Beidleman, to prepare a summons wherein the defendant Market was directed to appear "on the 2nd Monday of January next, then and there to answer" plaintiffs' demands. The only date appearing on these summons is "Witness Howard L. Morrell, Clerk of our said Court, at office, the 2nd Monday in September, A.D. 1960."

The Deputy Clerk testified that when he had completed the drafting of these two summons he was directed by the attorney for the plaintiffs that he, Mr. Grayson, "would see me (meaning the Deputy Clerk) later and let me know when to turn it over", and that at this time attorney Grayson told him, the Clerk, that "I will bring the declaration down shortly".

As a result of the aforesaid conversation the Deputy Clerk Beidleman placed these two summons in the office safe where they remained until December. This date is, of course, more than one year after the happening of the alleged accident on October 29, 1959. These summons

were not placed on the docket required to be kept by the Clerk. (Section 18-101 et seq., T.C.A.).

In connection with that aforesaid, very shortly after October 29, 1960 (which was one year after the accident) Mr. Fuller, attorney for defendant, caused inquiry to be made of the Clerk as to whether any summons had been issued. The Clerk had forgotten the writing of the summons and the placing of the same in the safe pending further instructions from Mr. Grayson, attorney for the plaintiffs. He advised Mr. Fuller that no summons had been issued. At a later date upon another inquiry the Clerk recalled the writing of the summons and the placing of the same in the safe and so advised Mr. Fuller.

Mr. Fuller, attorney for the defendant, then procured these summons, took them to his office for the preparation of copies to be sent his client. When Mr. Grayson called for the summons at the clerk's office and learned that Mr. Fuller had them he procured them from Mr. Fuller, prepared his declaration and filed it with the Clerk on December 7, 1960. It was on that date, December 7, 1960, which was about forty (40) days more than a year after the happening of the accident that the summons and declaration were placed in the hands of the Deputy Sheriff and service had on the defendant.

It is to be noted that Mr. Grayson, attorney for the plaintiffs, made no inquiry as to the summons or effort to procure the same until after more than one year from the date of the accident had expired. Therefore, the fact that Mr. Fuller, attorney for the defendant, had taken the summons from the office more than a year after the accident becomes immaterial in determining the merits of this suit.

Moreover, the fact that after delivery to the sheriff on December 7, 1960 service was had in time for the trial at the January term of the Court becomes immaterial in that the one year statute of limitations had either run or not run at the time the summons and declaration were placed in the hands of the officer for service, all dependent upon whether the action had been commenced within the meaning of the statute of a year after the alleged accident.

The Trial Judge was of the opinion that the facts aforesaid did not amount to a commencement of the suits within one year from the date of the accident; hence, he sustained the one year statute of limitations plea.

The Court of Appeals in reversing said this:

"We cannot escape the conclusion that these suits were instituted in good faith with the bona fide intention of prosecuting them to a conclusion if the parties failed to reach an amicable settlement, and therefore, the learned Circuit Judge was in error in sustaining the plea of the statute of limitations.

"Reversed and remanded for trial on the merits. Cost against defendant in error."

That Court was of the opinion that this reversal was authorized by the decision in *Ridgway Sprankle Co. et al. v. Carter,* 176 Tenn. 442, at 445-446, 143 S.W.2d 527, at 528, wherein, quoting from that opinion the following:

"The controlling principle is thus stated in 1 C.J., 1154, C.J.S. Actions sec. 129; 'It is essential that the process shall be issued with the bona fide intention that it shall seasonably and in due course be served, and if it is issued provisionally, as where it is not to be

served until further instructions, or until a certain time or event, the action will not be considered as commenced until the date or contingency specified.''

The Ridgeway Sprankle Company case, supra, gives no indication of any intention upon the part of the plaintiffs at the time the summons were procured that its service be delayed until further instructions. On the other hand, the only conclusion which can be reached in the case at bar from the undisputed proof is that the Clerk was to withhold the placing of the summons for service upon defendant until further instructions from Mr. Grayson, the attorney; that is, there is no escape from the conclusion in the present case that the issuance of the summons was dependent upon the happening of some future event.

It is a necessary conclusion that the Ridgeway Sprankle Company case, upon which the Court of Appeals relied, gave no indication of an intention that the issuance of the summons be delayed. To the contrary, as aforesaid, the proof in the instant case establishes beyond a doubt that it was the intention to delay the issuance of the summons until further instructions, and no further instructions were given until after a year from the date of the accident had expired. This Court does not regard the Ridgway case, therefore, as being in point. It is interesting, however, to note that in the Ridgway Sprankle case the Court on page 445-447 cites a number of cases which are in line with the facts of the case at bar and in each of these cases it was held that the action of the plaintiff did not amount to the commencement of a suit.

■ A reading of the Ridgway opinion leaves the impression that the burden and reasoning of the opinion, and the authorities it cites, directly contradicts the conclusion reached in the opinion. This inconsistency is no doubt because the Court overlooked the fact that the mere preparation of the summons with the direction to hold it until further instructions cannot legally amount to a "suing out of the summons". The delivery of the paper to the proper officer for service upon defendant is the act necessary to a suing out of the summons within the meaning of section 28-105 T.C.A.

The case of *East Tenn. Coal Co. v. Daniel,* 100 Tenn. 65, 42 S.W. 1062, was concerned with the question of whether under the facts of that case—not necessary to recite here—the suit was barred by section 28-105, T.C.A. hereinbefore quoted. It was so held. In *Coal, Iron & Railway Co. v. Minton,* 117 Tenn. 415, at page 425, 101 S.W. 178, at page 180, 11 L.R.A.,N.S., 478, the Court, in response to the insistence as to the holding in the *East Tenn. Coal Co. v. Daniel,* supra, said this:

"The whole point of that decision was that the summons had never been placed in the hands of an officer for execution, and hence there had been no commencement of a suit within the meaning of the statute."

Unless this conclusion of our Court in *Coal, Iron & Railway Co. v. Minton,* supra, is to be ignored the Court of Appeals' opinion must be held erroneous. This is because in the instant case, as heretofore said, the mere leaving of the summons with the Clerk with directions to do nothing with those summons until further instructions was not the commencement of a suit within the meaning of the statute. Section 28-105, T.C.A.

Petitioner's brief in support of its application for certiorari cites the United States District Court case of *West v. Cincinnati, N. O. & T. P. Ry. Co.,* 108 F.Supp. 276. This case was decided by Judge Taylor, Judge of the District Court of East Tennessee, on October 29, 1952. It is the latest case this Court finds upon the question involved.

In the foregoing Federal case the summons was prepared by the Clerk eight (8) days prior to the running of the one year statute. That summons as to the defendant, Missouri Pacific RR, though issued on November 10, 1951, eight (8) days prior to the running of the one year statute, was retained by the Clerk until November 27, 1951. This was nine days more than one year after the accident upon which the suit had been brought. This withholding of the summons by the Clerk was because counsel for plaintiff had advised the Clerk that the person upon whom service was to be had for the Railroad was unknown.

Judge Taylor sustained the Railroad's plea of the one year statute of limitations, holding that the action had not been commenced within one year within the meaning of Section 28-105, T.C.A. After reviewing the Tennessee cases construing this Code Section, the Court said:

"In all of the cases there runs the expectation that it (the summons) will be delivered in due course for execution. Deliberate retention of the summons indefinitely for the invalid reason that identity of defendant's agent upon whom to serve process is unknown conforms to neither the state nor the federal rules for the commencement of an action. The only conclusion that can legally be drawn is that the action

against Missouri Pacific was not timely. It cannot be said that this result is harsh or inequitable, for there was a period of one year within which suit could have been started. It is intimated, at least, in decisions that sec. 8571 (28-105, T.C.A.) should be liberally construed in favor of the plaintiff. Certainly its requirements are followed. But a different rule is applied to section 8595 (28-304, T.C.A.). 'The statute of limitations is looked upon as a statute of repose.' *Patten v. Standard Oil Co. of Louisiana,* 165 Tenn. 438, 446, 55 S.W.2d 759, 762.

"An order will be prepared, dismissing the action as to the Missouri Pacific."

Apparently Judge Taylor, as does this Court, did not regard the Ridgway Sprankle Company case as applicable.

In the text of 1 C.J.S., under the title "Actions", Section 129, page 1397, there appears this statement:

"The process is regarded as issued when it passes from the office of a proper officer under his authority and sanction for the purpose of being served and has been delivered or transmitted to the officer authorized to serve it or given to any other person where the statutes so permit, with a bona fide intention to have it properly served, and the commencement of the action is not dated as of the time of the issuance of the process where it is issued provisionally, as where it is not to be served until further instructions, or until a certain time or event."

Note 74 on page 1398 of 1 C.J.S. wherein there is being treated the question which is being dealt with in the case at bar reads as follows:

"Filing with instructions to delay issuance of process

"(1) The action will not be commenced by the filing of the pleading where express instructions are given by plaintiff not to issue process at once.—*Bates v. Smith*, 16 S.W. 47, 80 Tex. 242—*Maddox v. Humphries*, 30 Tex. 494.

"(2) The same is true if plaintiff gives instructions to hold the process without serving it until further notified.—*Jordan v. Bosworth*, 51 S.E. 755, 123 Ga. 879."

■ If the rule stated in these cases is not error, then the action of plaintiffs' attorney in causing the Clerk to place the summons in his safe without taking any further action thereon until further instructions from this attorney, then that which was done by the plaintiffs in the instant case was not the commencement of the action within the meaning of Section 28-105, T.C.A. hereinbefore quoted.

■ When the matter is reflected upon, it will be realized that if a plaintiff can stop the running of the statute by causing the intended summons not to be delivered to the officer for service on the defendant until further instructions from the plaintiff's attorney, then such intended summons may be held for any such length of time as that attorney may elect. Such result would certainly violate the purpose of our statute of limitations as declared by our Court in *Patten v. Standard Oil Company*, 165 Tenn. 438, 446, 55 S.W.2d 759, 762, where the Court states that "the statute of limitations is looked upon with favor as a statute of repose".

The text of 1 C.J.S., sec. 129, under the title "Actions" at page 1397 is this:

"* * * but an action is not commenced until the court has in some manner acquired jurisdiction of something with relation to the controversy, which must be over the person of plaintiff, or the subject matter of the action."

As this Court views the matter, the Sullivan County Circuit Court at Bristol acquired no jurisdiction over anything by the leaving with the Clerk a paperwriting in the form of a summons with directions to the Clerk to simply hold it and take no action thereon until further instructions. In such a situation there was nothing for the Court to act upon before the one year statute of limitations had run.

For the reasons stated it is the opinion of this Court that Mr. and Mrs. Robertson did not commence any suit within the meaning of 28-105, T.C.A., before the expiration of one year from the date of the accident. Therefore, the decision of the Court of Appeals is reversed. The action of the Trial Court is affirmed and these cases are dismissed at the cost of the original plaintiffs.