Wesley J. HINE, Plaintiff–Appellant,

v.

COMMERCIAL CARRIERS, INC.,
Defendant–Appellee.

Supreme Court of Tennessee,
at Jackson.

Dec. 31, 1990.

Ellen E. Fite, Patricia N. Nozinich, Memphis, for plaintiff-appellant.

Henry T.V. Miller, Howard B. Hayden, Memphis, for defendant-appellee.

## OPINION

DROWOTA, Justice.

This workers' compensation appeal poses an interesting procedural question dealing with the construction of Rule 3 and Rule 4.01 of the Tennessee Rules of Civil Procedure: whether a cause of action is barred when the complaint is filed within the time prescribed by the applicable statute of limitations, but the summons is not issued until after the statute of limitations has expired. The employee, Wesley Hine, Plaintiff–Appellant, has appealed the trial court's dismissal of his workers' compensation complaint because the summons was issued more than two months after the statute of limitations expired. For the reasons set forth below, we reverse and remand.

Plaintiff, employed as a truck driver by Commercial Carriers, Inc., Defendant–Appellee, sustained an injury on September 17, 1987, while in the course and scope of his employment. Workers' compensation benefits were paid by the employer to the Plaintiff commencing September 18, 1987, and ending March 25, 1988. The parties are in agreement that the statute of limitations expired one year from the date of the last workers' compensation payment, or March 25, 1989. See T.C.A. § 50–6–203. The Plaintiff filed his complaint in the Circuit Court for Shelby County on March 15, 1989, within the period prescribed by the

statute of limitation. However, a summons was not issued until June 9, 1989, more than two months after the statute had expired.

The trial court granted the employer's motion to dismiss the complaint predicated upon a violation of the statute of limitations. While the written order to dismiss does not state the basis for the dismissal, the remarks made by the trial judge from the bench clearly indicate the reason was that the summons was untimely filed, thereby rendering the filing of the complaint ineffective. The trial court stated:

> The verbiage [in Rule 4.01], upon the filing of the complaint, the clerk of [the] court wherein the complaint is filed shall forthwith issue the required summons ..., in the court's opinion, reveals, particularly by virtue of the word "forthwith", that a summons must be filed with the complaint.

> The court finds that the original complaint was not an effective filing until the summons was filed and the summons was filed untimely....

 The applicable rules of procedure governing this case provide as follows:

RULE 3. COMMENCEMENT OF ACTION

*All civil actions are commenced by filing a complaint with the Court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved;* but if the process is not served or not returned within 30 days from issuance, regardless of the reason, plaintiff, if he wishes to rely upon the original commencement as a bar to the running of a statute of limitations, must either prosecute and continue the action by applying for and obtaining issuance of new process from time to time, each new process to be obtained within six months from issuance of the previous one, or plaintiff must recommence the action within one year from issuance of the initial process not served or not returned within 30 days from issuance. (emphasis added).

RULE 4. PROCESS

Rule 4.01 Summons; Issuance; By Whom Served

(1) *Upon the filing of the complaint the clerk of the court wherein the complaint is filed shall forthwith issue the required summons* and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process. The person shall serve the summons, and his return indorsed thereon shall be proof of the time and manner of service. A summons may be issued for service in any county against any defendant, and separate or additional summonses may be issued against any defendant upon request of plaintiff. Nothing in this rule shall affect existing laws with respect to venue. (emphasis added).

The Plaintiff contends that Rule 3 and Rule 4.01 should be read to mean that in order to rely upon the filing of the complaint as a bar to the running of the statute of limitations, a summons must be issued within six months as provided for in Rule 3. The employer maintains that the summons must be issued simultaneously with the filing of the complaint and certainly within the statute of limitations. In other words, the employer urges this Court to construe "forthwith" contained in Rule 4.01, to mean simultaneously with the filing of the complaint. Otherwise, there is no effective commencement of an action for statute of limitation purposes.

We choose not to accept the employer's proposed interpretation of Rule 3 and Rule 4.01 regarding the issuance of a summons relative to the filing of a complaint. First, Rule 3 clearly states that "[a]n action is commenced within the meaning of any statute of limitations upon such *filing of a complaint,* whether process be returned served or unserved." (emphasis added). If the drafters of the rule intended a complaint *and* summons to commence an action for statute of limitation purposes, the rule could have easily been drafted to so indicate. As it is, however, Rule 3 speaks in terms of a complaint and the statute of limitations, regardless of process. It adds

no other requirement for commencing an action. Rule 4.01, dealing with the issuance of a summons, says nothing about the statute of limitations. It should be noted, however, that the language in Rule 3 indicative of time constraints speaks to keeping process in an active mode, but is not instructive on when a summons must be issued relative to the filing of the complaint.

Second, Rule 4.01 requires the clerk, not plaintiff's counsel, to issue the summons. We hesitate to adopt a rule that could conceivably punish a litigant for the intentional, negligent, or inadvertent actions of a clerk who, for whatever reason, fails to issue a summons at the moment the complaint is filed. Actions a clerk may or may not take relative to a summons are, for all practical purposes, beyond the control of litigants. Under the employer's theory, were a complaint to be filed in the clerk's office at the conclusion of the business day upon which the statute of limitations expires, but a summons not issued for whatever reason by the clerk until the next business day, the action would be time barred. It is unsettling to force litigants to rely upon the actions of persons over whom they exercise no control in order to protect their claims from being time barred.

■ Third, Rule 4.01 directs the clerk to issue the summons "forthwith." *Black's Law Dictionary* (5th ed. 1979) defines "forthwith" as "[i]mmediately; without delay; directly; within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch. (citations omitted). Within such time as to permit that which is to be done, to be done ... according to the practical and ordinary course of things to be performed or accomplished. The first opportunity offered." We are persuaded that for purposes of Rule 4.01, the term "forthwith" means within a reasonable time after the complaint has been filed. This determination is to be made considering all of the facts and circumstances of the particular case, including prejudice to the Defendant, if any. On the surface at least, it would seem that the Defendant's position on whether a compensable injury occurred and the extent of that injury would not be prejudiced to any appreciable extent by the clerk issuing a summons approximately two months after the complaint was filed. It is not as though the employer did not have notice that an injury had occurred, as workers' compensation benefits had been paid and settlement negotiations were being conducted.

Finally, we note that under the employer's reading of Rule 3 and Rule 4, if a complaint were filed well within the period prescribed by the statute of limitations, and shortly thereafter the summons was issued, also within the statute of limitations, the action would not be effectively commenced within the meaning of Rule 3. We are persuaded that Rule 3 and Rule 4 do not contemplate such a result. While we are fully cognizant that in the overwhelming number of cases the practice is to obtain issuance of a summons when the complaint is filed, the term "forthwith", contained in Rule 4.01, prevents the adoption of a blanket rule that would render ineffective the commencement of a lawsuit simply because a summons is not issued at the moment the complaint is filed. We hasten to add, however, that the drafters of Rule 3 and 4 undoubtedly contemplated that a summons would be issued relatively close to the time the complaint is filed as process cannot be returned, served or unserved, unless it is first issued.

Accordingly, we hold that a summons need not necessarily be issued simultaneously with the filing of a complaint in order for the complaint to toll the statute of limitations. Rather, the summons must be issued "forthwith", which we construe to mean within a reasonable time after the complaint is filed. Otherwise, the Plaintiff will not be permitted to rely upon the original commencement of the suit as a bar to the running of the statute. Obviously, not obtaining issuance of a summons upon the filing of a complaint can unnecessarily place a litigant's claim at considerable risk. What is reasonable depends upon the facts and circumstances contained in the record. There is nothing in the record in this case to indicate that the issue of reasonableness

was considered.[1] Certainly, the trial court made no findings of fact in this regard. To insure that the parties have their day in court on this issue, the judgment of the trial court is reversed and the case remanded so that an appropriate hearing may be held.

In view of the foregoing, the judgment of the trial court is reversed and the case remanded. Costs of this appeal are taxed to the Appellee.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.

---

1. When the motion to dismiss was presented to the trial court, counsel for Plaintiff stated that no summons was filed because she simply wanted to toll the statute of limitations in view of the fact that settlement negotiations were being conducted. Counsel stated: "Well, your Honor, I read the law completely at the time of filing my complaint. I merely filed the complaint to toll the statute. I had no intention at that time of deliberately not giving the Defendants notice of any petition because as you well know, we are going to end up in court one way or the other on a petition of settlement approval." Since these statements were unsworn and made during argument, it would not be appropriate for this Court to decide if counsel's actions were reasonable. Furthermore, the parties were not in court to develop proof on this particular point and, therefore, there may well be other reasons which we are presently unaware to explain why the summons was not filed with the complaint.