IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 7, 2001 Session

## NORMA TILLMAN v. LEO P. HAFFEY, ET AL.

**A Direct Appeal from the Circuit Court for Davidson County**
**No. 00C-246     The Honorable Frank G. Clement, Jr., Judge**

---

**No. M2000-02196-COA-R3-CV - Filed May 15, 2001**

---

Plaintiff filed a complaint on August 30, 1999 alleging a cause of action for malicious prosecution and abuse of process arising out of a suit filed against her by defendants. Plaintiff's cause of action accrued when the defendants, as the plaintiffs in the underlying case, voluntarily dismissed their case on September 14, 1998. When plaintiff filed the complaint, summons was issued by the court clerk, but was retained by plaintiff's counsel and returned unserved. An alias summons was issued on November 1, 1999, and defendants were served November 5, 1999. Defendants filed a motion to dismiss, which was granted by the trial court on the ground that the case was barred by the statute of limitations reasoning that the filing of the suit and retaining the process did not toll the running of the statute of limitations. Plaintiff has appealed. We vacate and remand.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and DON R. ASH, J., joined.

Kenneth R. Jones, Jr.; William D. Martin, Nashville, For Appellant, Norma Tillman

Leo P. Haffey, Pro Se, Nashville

### OPINION

This case addresses the narrow issue of whether, under the Tennessee Rules of Civil Procedure, a plaintiff may intentionally delay service of process upon a defendant in order to ensure that the defendant's time to refile a previously non-suited action had expired.

This action for malicious prosecution and abuse of process arises out of a civil action in which Appellees, Leo and Robin Haffey, sued Appellant, Norma Tillman, for breach of contract and

unjust enrichment, among other things.[1] Ms. Tillman, a private investigator and author, retained Mr. Haffey to locate publishers for works of fiction Ms. Tillman intended to write. Although we need not address the exact nature of all the claims the Haffey's made against Ms. Tillman for the purposes of this appeal, suffice it to say that the allegations were extraordinary and numerous. For example, the Haffeys alleged, *inter alia*, that Ms. Tillman stalked and threatened them, shot or killed their dogs, vandalized their automobiles, and burglarized their home.[2]

The trial court in the underlying case granted Ms. Tillman's motion to dismiss as to the invasion of privacy claim, and later granted partial summary judgment as to the breach of contract and unjust enrichment claims. The Haffeys voluntarily nonsuited the remaining claims in the case on September 14, 1998.

On August 30, 1999, Ms. Tillman filed the Complaint in this action. It is undisputed that Ms. Tillman and her counsel delayed service of process until after September 15, 1999, the date after which the Haffeys could no longer refile the dismissed claims. In fact, the initial summonses in this matter remained unserved at the expiration of the 30-day period for which they were valid, and Ms. Tillman and her attorney had alias summonses issued on November 1, 1999 which were ultimately served on November 5, 1999.

After a hearing on the Haffeys' Tenn. R. Civ. P. 12.02 motion to dismiss, the trial court found that Ms. Tillman and her attorney had improperly withheld service of process and dismissed Ms. Tillman's claims as barred by the statute of limitations. The trial court's Memorandum Opinion and Order filed July 28, 2000, provides, in relevant part:

> Plaintiff argues that the amendments to Rule 3 making the filing of a complaint immune to challenge *regardless of the reason* summons was not served, even if it is the intentional interference by the plaintiff or its agents. This court respectfully and emphatically disagrees. Neither the amendment, the advisory commission comments, nor the cases decided before or after the pertinent amendments open the door for a plaintiff to intentionally interfere with service of process *after* the complaint is filed with the clerk. Plaintiff views the phrase *regardless of the reason* as a license to intentionally interfere with, indeed prevent, service of process. Such conduct is not permitted by the rules, nor should it be permitted. Though the plaintiff believes the court has rewritten the rule, it is the plaintiff who seeks to rewrite the rule to permit a plaintiff to

---

[1] The original action also alleged unjust enrichment, interference with a contractual relationship between Mr. Haffey and another client, trespass, invasion of privacy, outrageous conduct, and intentional infliction of emotional distress.

[2] The record does not indicate if the Haffeys filed any criminal charges against Ms. Tillman.

intentionally interfere with and intentionally preclude service of process for any reason.

In pertinent part Rule 3, now reads: "An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved." However, the plaintiff wishes to read this sentence in conjunction with the second sentence of the rule, which includes the phrase *regardless of the reason* process is not served, to permit intentional acts by a plaintiff to prevent service *after* the complaint and/or summons are filed. The plaintiff is simply incorrect in the strained interpretation of the amended rule or the reasons for its amendment. Review of the earlier rule, the amendments, and the advisory commission comments reveal common sense reasons for the amendments to the rule and none of them authorize nor justify intentional interference with service of process by a plaintiff.

The changes to Rule 3 were made, in part, because of problems with the "forthwith" provision and other affirmative burdens on the plaintiff or the attorney. The burdens included ensuring that summons was "issued" by the Clerk and thereafter that summons was placed in the hands of the proper person for service. Further changes were necessary due to conflicts between Rule 3, which previously required summons, while certain causes of action did not require summons. Changes were also necessary for sheriffs and process servers were not "returning" the summons to the clerk, served or unserved. Each of these problems was resolved with common sense modifications endeavoring to avoid adverse consequences to a reasonably diligent plaintiff, or their counsel, when someone other than the plaintiff, (i.e., the clerk or sheriff or process server) failed to follow through with their duties. None of these amendments open the door, however, for intentional interference by a plaintiff nor should courts of Tennessee permit such.

Moreover, Rule 4.01, both then and now, requires the clerk to issue a summons "forthwith" once a complaint is filed. It further provides that the clerk shall "cause it (the summons), . . . to be delivered for service to any person authorized to serve process." Moreover, Rule 4.01 provides that "This person *shall* serve the summons, . . . " (emphasis added). Rule 4.01 does not provide an exception for a plaintiff who does not wish for the summons to be served. Furthermore, advisory commission comments to the

amendment provide: "In any event, good practice *mandates* following up to ensure that a summons is promptly issued and served." In that the Advisory Commission affirmatively recognizes the need for a lawyer to follow up to ensure that a summons is promptly issued *and served*, it is more than evident that the Advisory Commission would not condone intentional interference by a plaintiff to prevent that which the commission says is mandated by good practice.

\* \* \*

This court further opined that under Tennessee law, process cannot be held in abeyance as a means of defeating the running of the statute of limitations. *West v. Cincinnati, N.O. & T.P. Ry. Co.*, 108 F. Supp. 276 (1953). The federal rules respecting the commencement of an action and process contemplate the issuance of a summons *and* the placing of summons in proper channels for service in order to toll the statute of limitations. Fed. Rules Civ. Proc. Rules 3, 4(a), 28 U.S.C.A. *Hixon v. Highsmith*, 147 F. Supp. 801 (1957). Mere preparation of summons with direction to hold it until further instructions is not "suing out of the summons" and delivery of the papers to the proper office for service on defendant is necessary. *Robertson v. Giant Food Market, Inc.*, 358 S.W.2d, 210 Tenn. 356 (1962). Withholding of a summons to prevent service defeats the tolling of the statute of limitation. ("Action of plaintiffs' attorney in causing clerk to place summons in safe until further instructions, . . . was not commencement of action within limitation statute, and action was barred.") *Robertson*, supra. In Tennessee, our Supreme Court has held:

> It is essential that the process shall be issued with the bona fide intention that it shall seasonably and in due course be served, and if it is issued provisionally, as here it is not to be served until further instructions, or until a certain time or event, action will not be considered as "commenced" until the date or contingency specified.

*Ridgway Sprandle Co. v. Carter*, 143 S.W.2d 527, 176 Tenn. 442 (1940).

Based on the foregoing, and this court's analysis of the authorities cited in its prior opinion in this case, the Court concluded that a plaintiff may not wilfully impede service of process on a

-4-

defendant *after the complaint is filed* anymore than a defendant may wilfully evade service of process.

(footnotes omitted) (emphasis in original).

Ms. Tillman appeals, and presents the following issue for review:

> When process is issued and returned within the deadlines set by Rule 3, Tennessee Rules of Civil Procedure, does a plaintiff's intentional delaying serving process until after the expiration of the time within which the defendants could refile previously nonsuited claims nullify Rule 3's provision that an action is commenced upon filing of a complaint for statute of limitations purposes?

For the reasons below, we reverse the trial court and hold that the provisions of Rule 3 regarding when an action is commenced do not change because a party intentionally delays service of process.

Rule 3 of the Tennessee Rules of Civil Procedure, as amended in 1997, provides:

> All civil actions are commenced by filing a complaint with the clerk of the court. ***An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved.*** If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3 (West 2000) (emphasis added). Prior to the 1997 amendment, Rule 3 provided that, "All civil actions are commenced by filing a complaint ***and summons*** with the clerk of the court." (emphasis added). The Advisory Commission Comment to the 1997 Amendment notes that, although Rule 4.02 still "requires the clerk to issue a summons 'forthwith' once a complaint is filed," "'[c]ommencement' for statute of limitations purposes would occur on the day the complaint is filed." The Commission Comment to the 1997 Amendment also indicates that deleting the summons requirement brings Tennessee's Rule 3 in line with Rule 3 of the Federal Rules of Civil Procedure.[3]

We believe the plain language of Rule 3 regarding unissued or unserved process militates in favor of Appellant. The Rule provides that, regardless of the reason, if process remains unissued or unserved after 30 days, or if no process is issued at all, the plaintiff has one year in which to issue

---

[3]Rule 3 provides, "A civil action is commenced by filing a complaint with the court." F.R.C.P. 3 (West 2000).

or reissue process and toll the statute of limitations. In the case at bar, the summonses were not served within the initial 30-day period, but Appellant obtained and served new summonses well within the one-year limit.

Appellees argue that Rule 4.01, which requires the clerk to issue a summons "forthwith" and provides that "This person shall serve the summons. . ." supports the position that the Tennessee Rules of Civil Procedure prohibit intentional withholding of service of process. Essentially, Appellees argue that plaintiffs must see that a summons is issued and served contemporaneously with the filing of the complaint. However, in **Hine v. Commercial Carriers, Inc.**, 802 S.W.2d 218, 219 (Tenn. 1990), our Supreme Court rejected the argument that Rule 4.01 mandates that the summons be issued at the same time the complaint is filed.[4]

> . . . Rule 3 clearly states that "[a]n action is commenced within the meaning of any statute of limitations upon such *filing of a complaint*, whether process be returned served or unserved." (emphasis added). If the drafters of the rule intended a complaint *and* summons to commence an action for statute of limitations purposes, the rule could have easily been drafted to so indicate. As it is, however, Rule 3 speaks in terms of a complaint and the statute of limitations, regardless of process. It adds no other requirement for commencing an action. Rule 4.01, dealing with the issuance of a summons, says nothing about the statute of limitations.

*Id.* (alteration and emphasis in original). The **Hine** Court goes on to construe the term "forthwith" as meaning "within a reasonable time after the complaint is filed." *Id.* at 220. Furthermore, all of Appellees' proffered cases were decided <u>before</u> the legislature amended Rule 3 in 1997, which deleted the "and summons" requirement for commencement of action.

Tenn.R.Civ.P. 3 clearly and unambiguously states that the filing of a complaint is the commencement of the action. The courts have no authority to disregard the plain and express terms of a statute or rule unless the particular provision has been declared unconstitutional. Plaintiff's claim is not barred by the statute of limitations.

Accordingly, the order of the trial court dismissing plaintiff's complaint is vacated. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed to Appellees, Leo and Robin Haffey.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

_____

[4] **Hine** interpreted the pre-1992 version of Rule 3 which, although not identical to the current Rule, is substantially similar vis-a-vis the language addressing when an action is commenced for purposes of tolling the statute of limitations.