# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 4, 2003 Session

## KATHY CLARK , ET AL. v. RANDALL McCLUNG

**Appeal from the Circuit Court for Davidson County**
**No. 01C-3223     Hamilton Gayden, Judge**

_____

**No. M2003-00552-COA-R3-CV - Filed December 17, 2003**
_____

Due to Plaintiffs' failure to file an alias summons within one year of the date the original complaint and summons were filed, the Circuit Court granted Defendant's Motion to Dismiss for Plaintiffs' failure to Comply with Rule 3, Tenn. R. Civ. P. Plaintiffs appealed asserting the error was due to the Circuit Court Clerk's refusal to file the alias summons and that the trial court abused its discretion in dismissing the case.   We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of right; Judgment of the Circuit Court**
**Affirmed and Remanded**

Frank G. Clement, Jr., J., delivered the opinion of  the court, in which William C. Koch, Jr.,  P.J., M.S., and William B. Cain, J., joined.

Lawrence H. Hart, Nashville, Tennessee, for the appellant, Kathy Clark and Jerry W. Clark.

Amy Adams Gowan, Nashville, Tennessee, for the appellee, Randall S. McClung.

### OPINION

This matter arose out of a June 5, 1999 motor vehicle accident in which Kathy Clark was allegedly rear-ended by Randall McClung. Clark initially filed suit against McClung in the Davidson County General Sessions Court on May 22, 2000. Prior to trial Clark took a voluntary dismissal on October 3, 2001.

On October 22, 2001, Clark, along with her husband Jerry Clark, filed a complaint in the Davidson County Circuit Court. Plaintiffs properly filed the original summons along with the complaint. The summons was punctually issued by the Clerk and delivered to the Sheriff's Office for service on McClung. The Sheriff attempted service on Defendant but the summons was returned unserved.

Plaintiffs did not attempt to file an alias summons until October 17, 2002, five days before the expiration of the one year savings period, when Plaintiffs' attorney instructed his secretary to prepare and deliver an alias summons to the Circuit Court Clerk. The secretary prepared and delivered the alias summons to the Circuit Court Clerk, however, she states that the Clerk refused to accept it and that she returned to her office with the unfiled alias summons and placed it in the attorney's file with a note to that effect.

Plaintiffs' attorney was out of the office when his secretary returned from the Clerk's office and states that he was not aware of the above events until October 31, 2002, nine days after the expiration of the one year savings period. He further states that he acted immediately to correct the situation by causing his secretary to file the alias summons that day.

On November 14, 2002, Defendant filed a Motion to Dismiss based upon Plaintiffs' failure to comply with Tenn. R. Civ. P. 3. The trial court granted the Motion to Dismiss and entered a Final Order on February 4, 2003, which reads:

> As grounds for dismissal, the Court finds the Plaintiff originally filed the Complaint and summons on October 22, 2001. No service was effected upon the Defendant. The alias summons was not filed until October 31, 2002. As the alias summons was filed more than one year after the original Complaint and summons, the Plaintiff has failed to comply with Rule 3 of the Tennessee Rules of Civil Procedure. Therefore, this case is dismissed with prejudice.

On appeal, Plaintiffs assert that given the circumstances surrounding the filing of the alias summons, specifically the Circuit Court Clerk's refusal to file the alias summons, the trial court abused its discretion when it granted Defendant's Motion to Dismiss.

The standard of review for a non-jury case is *de novo* upon the record. *See Cross v. City of Memphis*, 20 S.W.3d 642, 643 (Tenn.2000). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. *See Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 80 (Tenn.1996).

The crux of Plaintiffs' appeal is that their attempt to file an alias summons was thwarted by the actions of the Circuit Court Clerk's office and that any subsequent delay in issuing process did not prejudice Defendant. Specifically, Plaintiffs argue that the failure to file an alias summons within the one year statute of limitations outlined in Tenn. R. Civ. P. 3, was due to the mistake of the Circuit Court Clerk in refusing to allow them to file an alias summons. Plaintiffs also assert that Defendant was not prejudiced by any delay in issuing process.

Rule 3, Tenn. R. Civ. P., as amended in July 1998, provides:

All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Plaintiffs rely on the affidavits of their attorney and his secretary to justify the late filing and issuance of the alias summons. The secretary's affidavit provides in pertinent part:

On October 17, 2002, I went to the Circuit Court Clerk's office to file the alias summons. When I presented the alias summons to a representative from the clerk's office for filing, the representative looked up the case, and then informed me that I could not file the alias summons because the Defendant, Randall S. McClung, had already been served.

. . . .

On October 31, 2002, Mr. Hart asked me about what happened when I went to circuit court to file the alias summons for Mr. McClung. When I told him what had occurred, he called the Circuit Court Clerk's office and found out that I had been mistakenly told that the original summons had been served on the Defendant. Mr. Hart then told me to immediately take the alias summons and file it with the Circuit Court Clerk, which I did.

Attorney Hart's affidavit provides in pertinent part:

On October 22, 2001, [1][sic] I was reviewing the Plaintiffs' file in anticipation of a conference with Mrs. Clark regarding the status of her medical treatment, when I discovered that the alias summons with the note from my secretary stating that the Defendant had already been served. I was surprised that the Defendant had been served as it was my understanding the Defendant had not been served. I spoke with my secretary about what had occurred and she related that when she tried to file the

---

[1]The date of October 22, 2001, as stated in Mr. Hart's affidavit, appears to be incorrect for two reasons. One, it was clearly 2002, not 2001. Further, other documents reveal that he learned of the mistake on October 31, 2002, nine days after the filing period expired. The secretary's affidavit states that this occurred on October 31, 2002, and the filing of the alias summons occurred on October 31, 2002.

alias summons, she was told by the clerk's office that it could not be filed because the Defendant had already been served. Therefore, I called the Circuit Court Clerk's office and inquired when service was had on the Defendant. I was informed that the Defendant had not been served. I told the representative from the clerk's office that when my office had attempted to file the alias summons on 10-17-02, the alias summons was not accepted for filing because the Defendant had already been served. I was told by the representative from the clerk's office that this was a mistake, since the Defendant had not been served. I then immediately had the alias summons taken to the Circuit Court and filed.

Plaintiffs argue that their appeal is supported by two opinions, *Hine v. Commercial Carriers, Inc.*, 802 S.W.2d 218 (Tenn. 1990) and *Abbott v. Gateway*, No. M1999-00653-COA-R3-CV, 2000 WL 1038113 (Tenn. Ct. App.). In *Hine*, our Supreme Court addressed the relationship between Rules 3 and 4.01, Tenn. R. Civ. P., and held it is not necessary to file a complaint and summons simultaneously in order to toll the underlying statute of limitations as long as it is issued within a reasonable time after the complaint is filed, considering the facts of the particular situation. *Id.* at 220. In *Hine* the summons was issued roughly 60 days after the initial complaint was filed while here the alias summons was issued 374 days after the complaint and original were filed. Moreover, the plaintiff in *Hine* filed his complaint within one year of the date of the last workers' compensation payment and the summons was issued within one year of filing of the complaint. *Id.* at 218-219. Further, Rule 3 of the Tennessee Rules of Civil Procedure has been amended since *Hine*. The rule applicable to *Hine* did not anticipate a lack of issuance of process whereas the rule applicable here specifically allows plaintiffs one year from the filing of the complaint in which to issue process if no process is issued within 30 days of the filing of the complaint. *See Stempa v. Walgreen Co.*, 70 S.W.3d 39, 44 (Tenn. Ct. App. 2001). Accordingly, we believe Plaintiffs' reliance on *Hine* is misplaced.

Plaintiffs correctly note that *Abbott* expresses the general view in Tennessee which disfavors dismissals without a trial on the merits. *Id.* at *2. *Abbott*, however, reversed the dismissal of a civil action where the plaintiffs failed to comply with a local rule of practice. Specifically, that plaintiff failed to set her General Sessions appeal for trial as required by Davidson County Local Rule of Practice 20(b). *Id.* at *1. Here, we have a Tennessee Rule of Civil Procedure rather than a local rule. Davidson County Local Rule of Practice 1.03 instructs that a trial judge may deviate from the local rules in "exceptional cases where justice so requires"; however, trial judges "have no authority to disregard the plain and express terms of a statute or rule unless the particular provision has been declared unconstitutional." *Tillman v. Haffey*, 63 S.W.3d 367, 371 (Tenn. Ct. App. 2001). Accordingly, we believe Plaintiffs' reliance on *Abbott* is also misplaced.

Our courts place great emphasis on the clear and unambiguous language of Tenn. R. Civ. P. 3. In *Stempa v. Walgreen Co.*, 70 S.W.3d 39, 41 (Tenn. Ct. App. 2001), the plaintiff filed an action against defendants but did not file summonses for the Clerk to issue until eleven months and twenty-nine days after the date the complaint was filed. The trial court dismissed the complaint as untimely pursuant to Rules 3 and 4, Tenn. R. Civ. P. *Id.* Plaintiffs appealed, asserting that their

complaint was timely pursuant to Tenn. R. Civ. P. 3, because summonses were issued within one year of filing the complaint. *Id.* at 40-41. This court reversed the trial court, stating:

> Rule 3 provides that an action is commenced with the filing of a complaint, whether or not process is issued. It is undisputed in the present case that a complaint was filed and, therefore, the case was "commenced." In order for a plaintiff to be able to rely on the original commencement to toll the running of the statute of limitations where "process remains unissued for 30 days . . . . *regardless of the reason*," Rule 3 requires plaintiff to have process issued "within one year of the filing of the complaint." . . . While it may be ill-advised to wait to have process issued, and certainly the better practice is to ensure the court clerk issues process when a complaint is filed, Rule 3 says what it says.
>
> . . . . [T]he phrase "regardless of the reason" in Rule 3 leaves no doubt that the "reason" for process not being issued is not a consideration. Applying the plain and unambiguous language of Rule 3, we conclude that because Plaintiffs had process issued within one year of the filing of the Complaint, they are entitled to rely on the original filing date to toll the running of the statute of limitations.

*Id.* at 42-43.

This Court further emphasized the plain meaning of Tenn. R. Civ. P. 3 in *Tillman v. Haffey*, 63 S.W.3d 367 (Tenn. Ct. App. 2001). The Haffeys, who had filed a cause of action against Tillman, voluntarily dismissed it on September 14, 1998. On August 30, 1999, Tillman filed a malicious prosecution and abuse of process action against the Haffeys. *Id.* at 367. Strategically, Tillman's attorney filed a summons with the complaint, which was properly issued by the Clerk, however, he instructed the Clerk to return the issued summons to him instead of forwarding it to the Sheriff for service. *Id.* at 368. As instructed, the Clerk delivered the issued summons to Tillman's attorney. Tillman's attorney intentionally placed the original summons in his file to assure that the summons would not be served, admitting this was done to assure that summons would not be served on the Haffeys until after September 15, 1999, so the Haffeys would not have an incentive to re-file their law suit. Tillman's attorney did not obtain issuance of the alias summons until November 1, 1999, and the Haffeys were not served until November 5, 1999. Thereafter, the Haffeys filed a motion to dismiss, claiming Tillman's action was barred by the statute of limitations due to her attorney's intentional obstruction of service of process. The trial court granted the motion dismissing the action. *Id.* This Court reversed reasoning that, "Tenn. R. Civ. P. 3 clearly and unambiguously states that the filing of a complaint is the commencement of the action. The courts have no authority to disregard the plain and express terms of a statute or rule unless the particular provision has been declared unconstitutional." *Id.* at 371.

Plaintiffs seek relief from the strict application of Rule 3 by relying on the alleged error of the Clerk. The affidavit of their attorney's secretary states that an unidentified representative of the Clerk's office refused to file the alias summons. While there is no other affidavit to contradict the

secretary's affidavit, there is an evidentiary presumption that court officials have performed their duties properly. *Cox v. City of Bristol*, 191 S.W.2d 160, 162-163 (Tenn. 1946); s*ee General Truck Sales, Inc. v. Simmons*, 343 S.W.2d 884, 886 (Tenn.1961) (in the absence of a showing to the contrary it must be presumed that this officer (clerk) did his duty as was required by statute). In the absence of proof to the contrary, it will be presumed that official acts or duties have been properly performed, and that everything done by an officer in connection with the performance of an official act in the line of his duty was legally done. *Burns v. Duncan*, 133 S.W.2d 1000, 1006 (Tenn. App. 1939).[2] Here, there is proof which is contrary to the presumption, and while we do not question the veracity of the affidavits from the secretary for Plaintiffs' attorney, we find her affidavit most vague on the important details of what did or did not transpire on October 17, 2002 at the Circuit Court Clerk's office, specifically who refused to file the alias summons. Further, the record contains no affidavits from the Clerk's office regarding what did or did not occur. Thus, we find the affidavits factually inadequate to overcome the presumption that the Clerk properly performed his/her duties.

As *Stempa* and *Tillman* confirm, Tenn. R. Civ. P. 3 imposes a strict one year time frame in which process must be issued or re-issued to toll the statute of limitations. The fact that Plaintiffs' attorney acted quickly once he realized the summons had not been filed and took appropriate steps to file the summons just nine days after the one year deadline ran is not a consideration. Applying the plain and unambiguous language of Rule 3 and case law interpreting it, we conclude that the trial court did not abuse its discretion in granting Defendant's motion to dismiss. Furthermore, had we found that the Clerk erroneously refused to file the alias summons on October 17, 2002, Plaintiffs had five additional days to remedy the situation.[3] Therefore, the Clerk's mistake, if any, does not excuse Plaintiffs' failure to discover and remedy the error prior to October 22, 2002.

For the foregoing reasons, we find that the trial court did not abuse its discretion in granting Defendant's motion to dismiss. Thus, the decision of the trial court is affirmed. Costs of this appeal are taxed to Appellants, Kathy and Jerry Clark.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[2]In *Burns v. Duncan*, 133 S.W.2d 1000,1006 (Tenn. App. 1939), the Court held, "[I]t will be presumed that defendant Frank P. Burns executed an official bond as Sheriff of Hamilton County, and that said bond was acknowledged before the County Court of that County, in open court, approved by that Court, recorded upon its minutes, and filed among its records, and a certified copy thereof sent to the Comptroller of the State–all as required by Sections 690 and 691 of the Code."

[3]The alleged error by the Clerk occurred on October 17, 2002 yet Plaintiffs had until October 22, 2002, five additional days, to file the alias summons. Plaintiffs have failed to address why they failed to file the summons during this five day period and the fact that the attorney did not review his file during this time frame is insufficient.