IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 8, 2000 Session

## CONNIE HARRIS AND HUSBAND, DANNY HARRIS v. MARRIOTT INTERNATIONAL, INC., D/B/A RESIDENCE INN BY MARRIOTT, BRENTWOOD, TENNESSEE, AND FIBERCARE, INC.

**An Appeal from the Circuit Court for Williamson County**
**No. II-98316     Russ Heldman, Judge**

———————————————

**No. M1999-00096-COA-R3-CV - Filed April 17, 2001**

———————————————

This is a slip and fall case. The plaintiff filed her complaint barely within one year of the injury, but did not cause process to issue until six months later. Both defendants moved to dismiss plaintiff's case as time-barred under the one-year statute of limitations. The trial court granted the motions. We reverse and remand, finding that under Rule 3 of the Tennessee Rules of Civil Procedure, the plaintiff can rely on the filing of her complaint to toll the statute of limitations so long as the plaintiff causes process to issue within one year of the filing of the complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Phillip R. Newman, Franklin, Tennessee, for the appellants, Connie Harris and Husband, Danny Harris.

Cyrus L. Booker, Nashville, Tennessee, for the appellee, Marriott International, Inc., d/b/a Residence Inn by Marriott, Brentwood, Tennessee.

Thomas I. Carlton, Jr., Beth C. Baggett, Nashville, Tennessee, for the appellee, Fibercare, Inc.

### OPINION

In this personal injury case, Plaintiff/Appellant Connie Harris ("Harris") slipped and fell in the bathroom of her hotel room in Brentwood, Tennessee, on May 17, 1997.[1] As a result of the

———————————————

[1]Plaintiff's complaint filed on May 15, 1998, erroneously indicated that the incident occurred on May 17, 1998.

incident, she allegedly suffered injuries and physical pain. On May 15, 1998, she filed a complaint for damages against Defendant/Appellees Marriott International, Inc., d/b/a Residence Inn by Marriott, Brentwood, Tennessee ("Marriott") and Fibercare, Inc. ("Fibercare"), the company that provided carpet cleaning services to Marriott. In her complaint, she alleged that Marriott and Fibercare negligently left the carpet in her room in a wet condition, and that this caused her to fall on the "wet and slick bathroom vinyl floor."

Harris filed her complaint on May 15, 1998, but she did not file the original summonses with the Williamson County Circuit Court Clerk until November 6, 1998. The clerk issued and served process to both defendants on November 13, 1998. On January 15, 1999, Marriott filed a motion to dismiss Harris's complaint pursuant to Rules 12.02 and 12.03 of the Tennessee Rules of Civil Procedure, arguing that the complaint failed to state a claim upon which relief could be granted. Marriott argued that Harris's claims were time-barred under the one-year statute of limitations[2] because she had not caused process to issue within thirty days of the filing of complaint as required by Rule 3 of the Tennessee Rules of Civil Procedure. The trial court agreed and issued an order granting the motion to dismiss on March 10, 1999. On April 8, 1999, Harris filed a notice of appeal, while her claims against Fibercare were still pending. On April 22, 1999, Harris filed a motion to reconsider with the trial court. On April 26, 1999, Fibercare filed a motion to dismiss, also asserting that the complaint was time-barred under the statute of limitations. The trial court issued a final order on June 11, 1999, denying Harris's motion to reconsider and granting Fibercare's motion to dismiss. Harris filed a second notice of appeal on July 9, 1999. By order of this Court dated September 23, 1999, Harris's second appeal was dismissed. The order noted that upon the trial court's entry of its final order on June 11, Harris's first appeal filed on April 8 became effective against both Marriott and Fibercare.

On appeal, Harris argues that Rule 3 of the Tennessee Rules of Civil Procedure does not require her to cause process to issue against defendants within thirty days of the filing of her complaint in order to toll the statute of limitations. Defendants respond that the trial court was correct in holding that Rule 3 requires her to do so.

In considering an appeal from a trial court's grant of defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true and review the trial court's legal conclusions *de novo* with no presumption of correctness. *See Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

Rule 3 of the Tennessee Rules of Civil Procedure states:

All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process

---

[2]A personal injury action must be commenced within one year after the cause of action accrues. *See* Tenn. Code Ann. § 28-3-104(a)(1) (2000).

be returned served or unserved. If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Rule 3 was amended in 1997 to remove the words "and summons" after "complaint" in the first two sentences. Prior to 1997, Rule 3 read as follows:

> All civil actions are commenced by filing a complaint and summons with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or is not served or is not returned within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process issued, within one year of the filing of the complaint and summons.

Under Rule 3 as amended, the commencement of the lawsuit does not hinge on the issuance of the summons, at least not initially. Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure*, § 2-1(b), at 22 (1999). The 1997 Advisory Commission comments specifically on this change, stating:

> Deletion of the requirement of filing a summons in addition to a complaint returns the requirement for commencement to pre-1992 status. While there appeared to be reasons making the additional summons filing mandatory, other reasons militate against it. For one thing, the recent waiver of service provisions of Rule 4.07 may lull a lawyer into believing no summons need be filed under that procedure. For another, there is a hazard that a federal diversity case in Tennessee would not be commenced by simply filing the complaint required by Federal Rule 3.

The 1997 Advisory Commission in 1997 notes further:

> Some clerks by local court rule may want to require lawyers to file a summons - not to toll the running of a statute of limitations, but rather to assist the clerks' workloads. Other clerks may want to handle the chore themselves. Either position is appropriate under revised Rule 3. "Commencement" for statute of limitations purposes would occur on the day the complaint is filed, regardless of the method chosen for preparation of a summons.

Therefore, under Rule 3 as amended, the filing of the complaint, not the issuance of the summons, is the commencement of the action for purposes of the statute of limitations. However, the issuance and service of process must be considered:

> Generally, under the current version of the rule, the plaintiff will have commenced the action within the statute of limitations when he or she has filed the complaint within the applicable time period provided by the statute. Rule 3 specifically so provides. For statute of limitations purposes, however, what Rule 3 gives in the first two sentences it takes away with the third. The third sentence addresses two contingencies that may prevent the plaintiff from relying upon the filing of the complaint as commencement. By the express provisions of Rule 3, if either (a) process is not issued for thirty days, or (b) process is not served within thirty days from its issuance, the plaintiff may be unable to claim commencement of the action on the basis of the original filing the complaint.

> Should either of those two events occur – either (1) no process is issued for thirty days, or (2) process was issued but it has not been served within thirty days of its issuance – the plaintiff may still gain the benefit of the original filing of the complaint in one of two ways. First, the plaintiff may continue the action by obtaining the issuance of new process within one year from the issuance of the previous process. Second, if no process was ever issued, the plaintiff may continue the action by obtaining issuance of process within one year from the filing of the complaint.

Banks & Entman, *supra* § 2-1(b) at 23. (footnotes in text omitted). Thus, the language of the third sentence in Rule 3 indicates that if the complaint is filed within the limitations period, this will toll the statute of limitations so long as process is issued within one year of the filing of the complaint.

The Defendants argue that Rules 4.01 and 4.04 of the Tennessee Rules of Civil Procedure, when read in conjunction with Rule 3, require that a plaintiff file "necessary" copies of the summons with the clerk within thirty days of the complaint. Rule 4.01 states that "[u]pon the filing of the complaint the clerk of the court wherein the complaint is filed shall *forthwith* issue the *required* summons and cause it, with *necessary copies* of the complaint and summons, to be delivered for service to any person authorized to serve process." (Emphasis added.) Rule 4.04 states that "[t]he plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary." Defendants argue that since the clerk is required to "forthwith" issue the "required" summons, then the only reasonable reading of Rule 3 is that the plaintiff must file a summons with the clerk within thirty days of the complaint. They further contend that the language of Rule 3 stating "[i]f process remains unissued for thirty days" is meaningless unless the plaintiff is required to file a summons within thirty days, for the only way that process can remain unissued for thirty days is if the clerk fails to issue process after the filing of a summons.

The Tennessee Supreme Court has stated that the term "forthwith" as used in Rule 4 means only that the summons must be issued "within a reasonable time" after the complaint is filed. *Hine v. Commercial Carriers, Inc.*, 802 S.W.2d 218, 220 (Tenn. 1990). *Hine* interpreted Rule 3 as it was written prior to 1992; the first part of Rule 3 prior to 1992 is very similar to the first part of Rule 3 today.[3] *Id.* at 219. In particular, the words "and summons" did not follow the word "complaint" in the first sentence at that time. The Court in *Hine* observed that the use of the term "forthwith" in Rule 4.01 "prevents the adoption of a blanket rule that would render ineffective the commencement of a lawsuit simply because a summons is not issued at the moment the complaint is filed." *Id.* at 220. *See also* Banks & Entman, *supra* § 2-2(b) at 26. The *Hine* court made it clear that Rule 3, not Rule 4.01, governs the commencement of a lawsuit for purposes of the statute of limitations:

> Rule 3 clearly states that "[a]n action is commenced within the meaning of any statute of limitations upon such *filing of a complaint*, whether process be returned served or unserved." (Emphasis added). If the drafters of the rule intended a complaint *and* summons to commence an action for statute of limitation purposes, the rule could have easily been drafted to so indicate. As it is, however, Rule 3 speaks in terms of a complaint and the statute of limitations, regardless of process. It adds no other requirement for commencing an action. Rule 4.01, dealing with the issuances of a summons, says nothing about the statute of limitations.

*Hine*, 802 S.W.2d at 219-20 (emphasis in original). Thus, to determine whether Harris' complaint is barred by the statute of limitations, we must look to the plain language of Rule 3.

The defendants rely on *Gregory v. McCulley*, 912 S.W.2d 175 (Tenn. Ct. App. 1995), for the proposition that the plaintiff must obtain service of process within thirty days from issuance. The *Gregory* Court stated:

> Tenn.R.Civ.P. 3 provides plaintiffs who do not obtain service of process within thirty days with two avenues through which they can rely on the initial filing date as a bar to the running of the statute of limitations. * * * Plaintiffs may obtain the issuance of new process within six months of the issuance of the previous process, or they may recommence the action within one year of the issuance of the original process.

*Gregory*, 912 S.W.2d at 177. *Gregory*, however, involves the version of Rule 3 in effect in 1995 that required the plaintiff to file a complaint *and* summons in order to toll the statute of limitations. Given the significant changes in Rule 3 since *Gregory* was decided, we find it inapplicable in this case.

---

[3]In 1990, the first part of Rule 3 read:

All civil actions are commenced by filing a complaint with the Court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved. . . .

Under the language in Rule 3, if process is not issued within the thirty-day period after the complaint is filed, the plaintiff may not rely on the filing of the complaint to toll the statute of limitations "unless the plaintiff continues the action by obtaining issuance of new process . . . within one year of the filing of the complaint." In this case, Harris caused process to issue on November 13, 1998, within one year of May 15, 1998, the day she filed her complaint. Under Rule 3, then, Harris may rely on the filing of the complaint to toll the statute of limitations. Consequently, the trial court's dismissal of the plaintiff's complaint must be reversed.

Accordingly, the decision of the trial court is reversed and the case is remanded for proceedings consistent with this Opinion. Costs are to be taxed to Appellees Marriott International, Inc., d/b/a Residence Inn by Marriott, Brentwood, Tennessee, and Fibercare, Inc., and their surety, for which execution may issue if necessary.

                    _____
                    HOLLY KIRBY LILLARD, JUDGE