**Karen STEMPA, et al.**

v.

**WALGREEN CO., et al.**

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

May 4, 2001.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 5, 2001.

Donna R. Davis and Autumn L. Gentry, Knoxville, TN, for appellants Karen and John Stempa.

Debra A. Thompson, Knoxville, TN, for appellee Donnie Dean, D.D.S.

James W. Harrison, Morristown, TN, for appellees Walgreen Co. and Susan Cannon.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., joined. ·

Karen and John Stempa ("Plaintiffs") sued several defendants after Karen Stempa allegedly suffered permanent hearing loss when she was prescribed and took Erythromycin. The Complaint was filed on May 1, 1998. Immediately after filing the Complaint, Plaintiffs' original attorney instructed the court clerk not to issue any summonses "yet." No summonses were issued until April 29, 1999, with all but one defendant being served on May 27, 1999. Defendants who were served filed motions to dismiss claiming Plaintiffs failed to comply with the provisions of Rules 3 and 4 of the Tenn. R.Civ.P. and, therefore, the action was not commenced within the applicable statute of limitations. Plaintiffs obtained new counsel. The motions to dismiss were granted by the Trial Court. Once an alias summons was issued and served on the remaining defendant, a similar motion to dismiss was granted by the Trial Court on the same basis. Plaintiffs appeal, arguing that their claims were filed timely because summonses were issued within one year of the filing of the Complaint as provided for by Rule 3 of Tenn.R.Civ.P. We reverse and remand.

### Background

On May 1, 1998, Karen and John Stempa filed this suit against Walgreen Company ("Walgreens"), Donnie Dean, D.D.S. ("Dean"), Susan Cannon ("Cannon"), and

several unidentified John or Jane Doe employees of Walgreens. Plaintiff Karen Stempa alleges that she was prescribed a large dosage of Erythromycin by Dean. After she took the prescription to a Walgreens pharmacy and questioned pharmacy employees about the unusually large dosage, she claims to have been informed by the employees that the dosage was indeed correct. Ms. Stempa took the medication as prescribed, and claims to have suffered permanent hearing loss from an overdose of Erythromycin.

Immediately after the Complaint was filed and for some unknown reason, Plaintiffs' original attorney instructed the clerk at the Knox County Circuit Court not to issue any summonses at that time. Summonses were not issued until April 29, 1999, almost one full year after the Complaint was filed. All defendants except Cannon were served on May 27, 1999. On August 11, 1999, Walgreens filed a Motion to Dismiss pursuant to Rule 12.02(6) of the Tenn.R.Civ.P. Walgreens claimed that Plaintiffs failed to comply with the provisions of Rules 3 and 4 of the Tenn.R.Civ.P. regarding commencement of an action and issuance of process by waiting almost a full year to have the summonses issued. Walgreens claimed that because of this failure to comply with Rules 3 and 4, the lawsuit was not commenced within the applicable statute of limitations. Plaintiffs' obtained new counsel.

A hearing was held on Walgreens' motion to dismiss. The Trial Court recalled a prior discussion with Plaintiffs' original attorney. In that prior discussion, Plaintiffs' attorney admitted to the Trial Court that he told the court clerk when he filed the Complaint not to issue any summonses. Based on this, the Trial Court observed that:

[T]he question is, and I agree with what [the Rule] says, does our law allow someone to file a lawsuit in secret, and to have to do nothing about getting any notice by way of a summons to an adverse party, and to lay in wait for 11 months and 29 days and then issue summons and still maintain their cause of action even though the statute of limitations [has run].

That's really the question, does our rules allow that. I agree the language says what you say it says, but I think it's better to find out now rather than later. The rules are to be interpreted to do justice and that's not doing justice.

The Trial Court then entered an Order dismissing the lawsuit against Walgreens and Dean.[1] According to the Trial Court, Plaintiffs did not comply timely with the provisions of Rules 3 and 4 of the Tennessee Rules of Civil Procedure regarding issuance of process.

After being dismissed from the case, Walgreens filed a Motion Suggesting Diminution of the Record pursuant to Rule 24(g) of the Tenn.R.App.P. In that motion, Walgreens sought to supplement the record with the affidavit of the court clerk who assisted the original Plaintiffs' attorney when he filed the Complaint. In that affidavit, the clerk testified that she wrote "no service yet" on a yellow post-it note and placed the note in the court file. The clerk also stated that the reason she wrote the note was because "the gentleman who filed the Complaint said that process not be issued yet upon the defendants...." The Trial Court denied this motion.

On March 7, 2000, an alias summons was issued for Cannon and served two days later. Cannon then filed a motion to dismiss on the same basis for which Wal-

---

1. The Motion to Dismiss was filed on behalf of Walgreens only. Although not set forth in the record, we assume that Dean orally joined in the motion filed by Walgreens.

greens and Dean had already been dismissed. This motion was granted by the Trial Court.

Plaintiffs appeal the dismissal of their lawsuit. Walgreens takes issue with the denial of its Motion Suggesting Diminution of the Record.

### Discussion

■ A review of findings of fact by a trial court is *de novo* upon the record of the trial court, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R.App.P. 13(d); *Brooks v. Brooks,* 992 S.W.2d 403, 404 (Tenn.1999). Review of questions of law is *de novo,* without a presumption of correctness. *See Nelson v. Wal–Mart Stores, Inc.,* 8 S.W.3d 625, 628 (Tenn.1999).

■ The role of the courts in construing statutes is to ascertain and give effect to the legislative intent.[2] *Cronin v. Howe,* 906 S.W.2d 910, 912 (Tenn.1995); *Wilson v. Johnson County,* 879 S.W.2d 807, 809 (Tenn.1994). "Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." *Cronin,* 906 S.W.2d at 912. "A construction which places one statute in conflict with another must be avoided; therefore, we must resolve any possible conflict between statutes in favor of each other, so as to provide a harmonious operation of the laws." *Id.* *See also State By and Through Pierotti ex rel. Boone v. Sundquist,* 884 S.W.2d 438, 444 (Tenn.1994).

The version of Rule 3 of the Tenn. R.Civ.P. in effect at the time the Complaint was filed provided that:

All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or is not served or is not returned within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Rule 4.01 of the Tenn.R.Civ.P. requires the clerk of the court, upon the filing of a complaint, to issue the summons "forthwith" and cause it, with necessary copies of the complaint and summons, to be delivered to any person authorized to serve process.

■ As set forth above, Rule 3 provides that an action is commenced with the filing of a complaint, whether or not process is issued. It is undisputed in the present case that a complaint was filed and, therefore, the case was "commenced." In order for a plaintiff to be able to rely on the original commencement to toll the running of the statute of limitations where "process remains unissued for 30 days ... *regardless of the reason,*" Rule 3 requires plain-

---

**2.** Although Rules 3 and 4.01 of the Tenn. R.Civ.P. are not statutes, "the rules governing practice and procedure in the trial and appellate courts of this state are promulgated by the joint action of the legislature and the Supreme Court. They have the force and effect of law." *Richards v. Newby,* 1991 WL 163541 at * 3 (Tenn.Ct.App. Aug.27, 1991)(citing *Crosslin v. Alsup,* 594 S.W.2d 379 (Tenn. 1980)). Accordingly, we will apply the same rules of statutory construction that would be applicable if we were interpreting statutes.

tiff to have process issued "within one year of the filing of the complaint." Rule 3 specifically addresses the present situation where no process is issued within 30 days of the filing of the complaint. While it may be ill-advised to wait to have process issued, and certainly the better practice is to ensure the court clerk issues process when a complaint is filed, Rule 3 says what it says.

It is undisputed that Plaintiffs had process issued within one year of the filing of the Complaint. What we must decide, then, is whether Plaintiffs can rely on the original filing date to toll the running of the statute of limitations when Plaintiffs' counsel instructed the court clerk not to issue process and process was not issued for almost one year. The Trial Court concluded that notwithstanding what Rule 3 says, it would be an injustice to "allow someone to file a lawsuit in secret, and to have to do nothing about getting any notice by way of a summons to an adverse party, and to lay in wait for 11 months and 29 days and then issue summons.…" The conduct of Plaintiffs' original attorney certainly is not to be condoned and the Trial Court's conclusion is undoubtedly based on fundamental fairness. Nevertheless, the phrase "regardless of the reason" in Rule 3 leaves no doubt that the "reason" for process not being issued is not a consideration. Applying the plain and unambiguous language of Rule 3, we conclude that because Plaintiffs had process issued within one year of the filing of the Complaint, they are entitled to rely on the original filing date to toll the running of the statute of limitations. Accordingly, their lawsuit was not subject to dismissal on that basis.

■■■ The language of Rule 4.01 of the Tenn.R.Civ.P. does not change our conclusion. Admittedly, Rule 4.01 requires that process be issued "forthwith." This duty, however, is placed squarely on the court clerk, not Plaintiffs' attorney. An attorney cannot secretly file a lawsuit and lie in wait for 11 months and 29 days if the court clerk fulfills his or her responsibility to have process issued "forthwith." Attorneys have neither the legal authority nor the power to prevent the court clerk from issuing process. While the conduct of Plaintiffs' original attorney in this case was improper, it would have had no impact on how this lawsuit proceeded if the court clerk simply had fulfilled her responsibility to issue process. Rules 3 and 4.01, being read in conjunction with each other, are crafted in a way to prevent conduct such as Plaintiffs' original attorney's from having any negative or prejudicial impact on a defendant.

In our opinion, the decision of our Supreme Court in *Hine v. Commercial Carriers, Inc.*, 802 S.W.2d 218 (Tenn.1990) is not controlling. The issue in *Hine* was "whether a cause of action is barred when the complaint is filed within the time prescribed by the applicable statute of limitations, but the summons is not issued until after the statute of limitations has expired." *Id.* at 218. The trial court concluded that such a claim would be barred and dismissed the complaint. The Supreme Court reversed, and in so doing stated:

> [W]e hold that a summons need not necessarily be issued simultaneously with the filing of a complaint in order for the complaint to toll the statute of limitations. Rather, the summons must be issued "forthwith", which we construe to mean within a reasonable time after the complaint is filed. Otherwise, the plaintiff will not be permitted to rely upon the original commencement of the suit as a bar to the running of the statute. Obviously, not obtaining issuance of a summons upon the filing of a complaint can unnecessarily place a litigant's claim

at considerable risk. What is reasonable depends upon the facts and circumstances contained in the record. There is nothing in the record in this case to indicate that the issue of reasonableness was considered. Certainly, the trial court made no findings of fact in this regard. To insure that the parties have their day in court on this issue, the judgment of the trial court is reversed and the case remanded so that an appropriate hearing may be held.

*Hine,* 802 S.W.2d at 220–221 (footnote omitted). The hearing was necessary in *Hine* so that it could be determined whether the "forthwith" requirement of Rule 4.01 was satisfied.

If the version of Rule 3 applicable in the pending case was the same version that was applicable in *Hine,* we would remand this case for an evidentiary hearing. The version of Rule 3 applicable in *Hine,* however, did not address *lack* of issuance of process at all. Rather, it addressed applicable time frames when process was not served or was not returned within 30 days. Under this prior version of Rule 3, the drafters "undoubtedly contemplated that a summons would be issued relatively close to the time the complaint is filed as process cannot be returned, served or unserved, unless it is first issued." *Hine,* 802 S.W.2d at 220. Since lack of service was not a scenario envisioned by that version of Rule 3, requiring a hearing on reasonableness under Rule 4.01 did not place Rules 3 and 4.01 at odds with each other.

The version of Rule 3 at issue in the present case *does not* contemplate that a summons always will be issued. Quite the contrary, the current version of Rule 3 specifically allows plaintiffs one year from the filing of the complaint in which to issue process if no process is issued within 30 days of the filing of the Complaint. If we were to hold that Rule 3 allows one year for process to be issued (which we so hold), while at the same time concluding that a hearing was necessary on whether process was issued "forthwith" under Rule 4.01, we would be placing these two rules directly at odds with each other. Interpreting Rules 3 and 4.01 in the manner suggested by Defendants would place these two rules in conflict, at least as applied to the facts presently before us. Such a result is to be avoided, and we must construe these rules "in favor of each other, so as to provide a harmonious operation of the laws." *Cronin v. Howe,* 906 S.W.2d 910, 912 (Tenn. 1995). *See also State By and Through Pierotti ex rel. Boone v. Sundquist,* 884 S.W.2d 438, 444 (Tenn.1994).

We conclude that Plaintiffs complied with Rules 3 and 4.01 when process was issued within one year of the filing of the Complaint. The lawsuit was, therefore, commenced within the applicable statute of limitations, and we reverse the Trial Court's judgment dismissing these claims. Our conclusion is in accord with the decision of the Middle Section of this Court in *Harris v. Marriott International, Inc.,* No. M1999–00096–COA–R3–CV, 2001 WL 378552 (Tenn.Ct.App. April 17, 2001), which likewise concluded that a plaintiff can rely on the initial filing of a complaint to toll the statute of limitations so long as process is issued within one year of the filing of the complaint.

 Defendant Walgreens has appealed the denial of its Motion Suggesting Diminution of the Record. During the hearing on Walgreens' motion to dismiss, the Trial Court indicated that Plaintiffs' original attorney had informed him that he had instructed the court clerk not to issue process. The Trial Court considered the fact that Plaintiffs' original attorney had instructed the court clerk not to issue process in arriving at his decision to grant the

Motion to Dismiss. The Trial Court treated this fact as undisputed, and so do we. Walgreens' motion suggesting diminution sought to supplement the record with the affidavit of the court clerk who assisted with the filing of the Complaint. The testimony sought to be proffered is entirely consistent with the recollection of the Trial Court contained in the record and, therefore, offers nothing new. We note that the affidavit was not before the Trial Court when ruling on the motion to dismiss and consequently could not have had any impact on its decision to dismiss this lawsuit. For these reasons, we find no error in the Trial Court's denial of Walgreens' motion suggesting diminution.

### Conclusion

The judgment of the Trial Court is reversed. This case is remanded to the Trial Court for further proceedings as necessary, if any, consistent with this Opinion. Costs of the appeal are taxed equally to Walgreen Company, Susan Cannon, and Donnie Dean, D.D.S.

HOUSTON M. GODDARD, P.J., filed a concurring opinion.

HOUSTON M. GODDARD, Presiding Judge, concurring.

I concur in the majority opinion authored by Judge Swiney, which is in accord with an opinion by the Western Section of this Court sitting in Nashville, authored by Judge Lillard. I write separately, however, to suggest that had this Court not already specifically spoken on the subject I would be inclined to follow the reasoning of Circuit Judge Frank G. Clement, Jr.,[1] in the case of *Tillman v.*

---

1. See Appendix for a copy of Judge Clement's order.

1. Specifically, the defendants motion claims Insufficiency of Service of Process and/or In-

*Haffey,* presently on appeal, which holds to the contrary.

### APPENDIX

## IN THE SEVENTH CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

### NORMA TILLMAN
v.
### LEO P. HAFFEY, et. ux.

Filed July 28, 2000

No. 00C-246

Jury Demand

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the motion of the defendants, Leo P. Haffey and wife, Robin S. Haffey, to dismiss the Complaint of the plaintiff, Norma Tillman, on the basis that the statute of limitations bars the action. [1] This is a malicious prosecution action which was commenced on August 30, 1999. This action is directly related to a prior action between the same parties, *Leo Haffey and Robin Haffey v. Norma Tillman,* Docket No. 97C1476, Circuit Court of Davidson County, Tennessee, which action was voluntarily dismissed by the Haffeys without prejudice on September 14, 1998.

Briefly summarized, the defendants assert that this action is barred by the statute of limitations even though the complaint and summons were filed prior to the running of the statute. Though the complaint and summons were filed timely, the plaintiff retained the summons after it was "issued" by the clerk. Specifically, the

---

sufficient Process, however, the essence of the motion is that the action is barred by the one year statute of limitations for it was not tolled by the filing of the complaint.

plaintiff intentionally prevented service of the summons on the defendants until after the running of the Savings Statute [2] on the prior action (and the statute of limitation.[3] in which this action could be commenced) by literally holding the summons. The defendants claim that the plaintiff's act of intentionally holding the summons defeats the tolling of the statute of limitations.

The plaintiff contends that no duty was owed to the defendants to serve or even attempt to serve the summons.[4] The plaintiff acknowledged that the plan was to wait until after the Savings Statute had run so that the defendants (the Haffeys) would then be precluded from re-commencing their previous civil action against Tillman (then the defendant, now the plaintiff). The Haffeys voluntarily dismissed their action, without prejudice.

The Court took this matter under advisement and now renders its opinion. Based on the reasoning set forth below, this Court is of the opinion that a plaintiff owes no duty to serve a defendant with process *prior to* the "commencement" of a civil action. Indeed, a plaintiff may intentionally wait to the last second of the last minute of the last hour of the last day the statute of limitations runs to "commence" a civil action. Specifically, a plaintiff may file the complaint and summons with the clerk of the court at the very last second. However, once the civil action is commenced,[5] a plaintiff has a duty not only to present a summons to the clerk for "issuance" by the clerk forthwith, but that the plaintiff not thereafter intentionally prevent or materially delay service of process. Process cannot intentionally be held in abeyance by a plaintiff after an action is commenced. The rules respecting the commencement of an action contemplate the timely issuance of a summons and the placing of summons in the proper channels for service in order to toll the statute of limitations. Intentional acts by a plaintiff to prevent or materially delay service of the summons after summons is issued by the clerk defeat the "tolling" of the statute of limitations. In such cases, the statute shall not be "tolled" until such time as the plaintiff places the summons in the proper channels for service on the defendant.

## Procedural History

This action stems from a prior action filed May 8, 1997 by Leo and Robin Haffey against Norma Tillman (Docket No. 97C1476), which the Haffeys voluntarily dismissed without prejudice on September 14, 1998. Thereafter, on August 30, 1999, Norma Tillman filed this action against the Haffeys alleging malicious prosecution and abuse of process and seeking compensatory and punitive damages. Although the complaint and summons were filed timely on August 30, 1999, defendants were not served with process until November 5, 1999. Counsel for plaintiff admits that defendants were not served with process before September 14, 1999, one year from the voluntary dismissal of the underlying suit, for the summons was intentionally withheld by the plaintiff. The summons was intentionally held by the plaintiff until after that date so that defendants would

---

2. T.C.A. 28-1-105.

3. T.C.A. 28-3-104.

4. During the hearing on the motion, the plaintiff acknowledged that the summons was presented to the Clerk for issuance, but thereafter it was intentionally held by the plaintiff so that it would not be served on the defendants until after the statute had run in order to prevent the defendants from reviving their prior action.

5. Which occurs the moment the complaint is filed with the Clerk. Rule 3, T.R.C.P.

not be prompted to re-file their prior claim prior to the expiration of the one year Savings Statute. In fact, counsel for plaintiff indicated that doing otherwise would have compromised his professional obligations to his client. The plaintiff's response asserted:

> After September 14, Ms. Tillman and her counsel decided that she would retain a process server to serve the Haffeys. Though she and her counsel knew the Haffeys' apartment number, the number had been omitted from the address on the original summons... By the time the process server was secured by Ms. Tillman, the original 30 day period had elapsed, and it was necessary to obtain an alias summons.

Consequently, service of process on the defendants was not even attempted until November 1, 1999, when the alias summons was presented to the Clerk for issuance. The defendants were not served until November 5, 1999.

### Analysis

Generally, a potential plaintiff is not under a duty to file a complaint any earlier than the last possible moment, which is set by the applicable statutes of limitation and repose. These statutes establish the deadline by which one must commence an action and, unless laches or estoppel apply, there is no requirement to commence an action any earlier. Point being, absent laches or estoppel, a plaintiff can wait and file whenever they please, provided it is prior to the running of the statutes of limitation or repose.

This court is aware of numerous cases where a plaintiff waits outside the clerk's offices and "files" the complaint and summons at the last moment, yet one must realize that those cases deal with the period of time *prior* to the filing of the complaint and summons. What we have here, however, pertains to what the plaintiff did *after* the filing of the complaint, *after* commencement of the action.

Under Tennessee law, process cannot be held in abeyance as a means of defeating the running of the statute of limitations. *West v. Cincinnati, N.O. & T.P. Ry. Co.*, 108 F.Supp. 276 (1953 [1952]). The federal rules respecting the commencement of an action and process contemplate the issuance of a summons *and* the placing of summons in proper channels for service in order to toll the statute of limitations. Fed. Rules Civ. Proc. Rules 3, 4(a), 28 U.S.C.A. *Hixon v. Highsmith*, 147 F.Supp. 801 (1957). Mere preparation of summons with direction to hold it until further instructions is not "suing out of the summons" and delivery of the papers to the proper office for service on defendant is necessary. *Robertson v. Giant Food Market, Inc.*, 358 S.W.2d [338], 210 Tenn. 356 (1962).

Our courts have held that withholding of a summons to prevent service defeats the tolling of the statute of limitation. ("Action of plaintiffs' attorney in causing clerk to place summons in safe until further instructions, ... was not commencement of action within limitation statute, and action was barred.") *Robertson*, supra. In Tennessee, our Supreme Court has held:

> It is essential that the process shall be issued with the bona fide intention that it shall seasonably and in due course be served, and if it is issued provisionally, as here it is not to be served until further instructions, or until a certain time or event, action will not be considered as "commenced" until the date or contingency specified.

*Ridgway Sprandle [Sprankle] Co. v. Carter*, 143 S.W.2d 527, 176 Tenn. 442 (Tenn.1940).

Though the foregoing authority is more than sufficient to answer the question at issue, it is informative to also review authority which sanctions defendants who attempt to thwart service of process. The Advisory Commission comments to the 1997 issue of the Tennessee Rules of Civil Procedure cite numerous authority which sanction defendants who attempt to thwart service of process. In the comments, it is reported that: A defendant may not deny personal service on the grounds of lack of delivery where the delivery was deliberately prevented by the action of the person to be served. *Hankla v. Governing Board of Roseland Sch. Dist.*, [46 Cal.App.3d 644] 120 Cal.Rptr. 827 (Cal.App.1975). Avoidance of service of proper process by a wilful act or refusal to act on part of defendant "would create an intolerable situation and should not be permitted." *Cortez Development Co. v. New York Capital Group, Inc.*, 401 So.2d 1163, 1165 (Fla. App.1981). It can hardly be logically argued that one may avoid the process of the court by merely refusing to accept a letter known to contain a Summons and Complaint. *Patel v. Southern Brokers, Ltd.*, [277 S.C. 490] 289 S.E.2d 642, 644 (S.C. 1982).

Analysis of the foregoing authorities causes this Court to conclude that a plaintiff may not wilfully impede service of process on a defendant *after the complaint is filed* anymore than a defendant may wilfully evade service of process.

### Conclusion

Though this Court agrees that the plaintiff owed *no* duty to serve the defendants at anytime *prior to* the commencement of this action, it is the firm opinion of this Court that this changed the moment the plaintiff filed the complaint with the Circuit Court Clerk on August 30, 1999. At that moment, the plaintiff indeed had an affirmative duty to not only present the summons to the Clerk for issuance forthwith but to place it in the proper channels and thereafter not intentionally interfere with reasonable efforts to effect service of process on the defendants.

By intentionally withholding the summons, thereby precluding the possibility of the service of process on either defendant, the plaintiff defeated the tolling of the statute of limitations until such time as summons was subsequently placed in the proper channels for service to be attempted, which did not occur until November 1, 1999. Therefore, the statute of limitations was not tolled until November 1, 1999, which was more than one year following the voluntary dismissal of the underlying action. As a result, the statute of limitations ran on the plaintiff's malicious prosecution action against the Haffeys. Accordingly, not only has the Savings Statute run against the Haffeys, preventing them from reviving their prior action against Tillman, so has the statute of limitations run against Tillman, which bars her from maintaining this action against the Haffeys.

Therefore, the Haffeys' motion to *dismiss* the complaint by Norman Tillman is granted. Costs are assessed against the plaintiff for which execution may issue.

It is so **ORDERED**.

Dated: July 27, 2000.
Frank G. Clement, Jr., Circuit Court Judge