IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 31, 2002

## STEVEN GRIFFIN v. WILLIAM C. ROBERTS, JR.

**Appeal from the Circuit Court for Davidson County**
**No. 99C-1162      Marietta Shipley, Judge**

_____

**No. M2002-01898-COA-R3-CV - Filed August 7, 2003**
_____

An inmate in the custody of the Department of Correction filed a legal malpractice suit against the court-appointed attorney who represented him in his post-conviction appeal. Despite many attempts, the inmate failed to obtain service on the attorney. More than three years after suit was filed, the court dismissed the case for lack of prosecution. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Steven Griffin, Whiteville, Tennessee, Pro Se.

**OPINION**

**I.**

Steven Griffin was convicted of aggravated rape and kidnapping in 1993 and received an effective sentence of 85 years for his crimes. On November 27, 1997, he appeared in the Davidson County Criminal Court for a hearing on his petition for post-conviction relief. William Roberts had been appointed by the court to represent Mr. Griffin during this proceeding. After the hearing, the trial court denied the petition. The court's decision was upheld on appeal. *See Griffin v. State*, App. No. 01C01-9801-CC-00004 (Tenn. Crim. App. May 6, 1999).

The record shows that Mr. Griffin filed a pro se Complaint for Legal Malpractice against Mr. Roberts on April 28, 1999.[1] In his Complaint, he alleged that the defendant committed numerous errors and that these errors had a prejudicial effect on the outcome of the post-conviction hearing. An initial attempt to serve the Complaint on Mr. Roberts failed, with the Davidson County Deputy Sheriff noting on the summons that he was "not to be found in my county."

Mr. Griffin claims that he made numerous attempts to serve Mr. Roberts by certified mail, in accordance with Rule 4.04(10), Tenn. R. Civ. P. The record contains several return receipts addressed to Mr. Roberts, in which the "Received By (Print Name)" and "Signature (Addressee or Agent)" lines remain blank. Presumably, the post office was unable to deliver the summons to the addressee.

One problem was apparently that Mr. Roberts moved around frequently. The cover sheet on the Technical Record lists five different addresses for him, in Hermitage, LaVergne, Antioch, Nashville, and Shelbyville. In his brief, Mr. Griffin states that at one point he was informed that Mr. Roberts had moved to Shelbyville. An attempt to serve him at that address produced a return receipt with the "received by" line left blank and an illegible signature in the signature line. Mr. Griffin interprets the signature as reading "V. Sluir." There is nothing in the record to indicate that V. Sluir is an agent of Mr. Roberts.

Mr. Griffin was aware that his failure to serve Mr. Roberts was a problem. The record contains several letters he wrote to the circuit court in which he recited his efforts to obtain service, and asked the trial court to either accept the documentation he submitted as proof of service, or itself serve process on Mr. Roberts. Mr. Griffin also tried to get Mr. Roberts to sign a Waiver of Service of Summons under Rule 4.07, Tenn. R. Civ. P., all to no avail.

Meanwhile, Mr. Griffin filed a Motion for Judgment of Default, in which he asserted the defendant's failure to respond to any discovery requests, and again recited his difficulties trying to serve him. A subsequent Motion to Renew the Motion for Default relied upon the receipt signed by "V. Sluir" for an assertion that the defendant had in fact been served. We note that under Rule 4.04(10), "Service by mail shall not be the basis for the entry of judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute."

On June 10, 2002, the Circuit Court Clerk's office sent a Notice to Mr. Griffin that all cases which had been pending for one year or more would be dismissed unless a Motion to Set was filed and heard within thirty days, or specific permission was obtained by the court within the same period of time to be exempted from the one year rule. *See* Davidson County Local Rule 18.02. On July 17, the court dismissed Mr. Griffin's complaint. This appeal followed.

---

[1] Mr. Griffin's appellate brief sets out a somewhat different set of dates for filings in this case. In this opinion, we rely on the documents in the record, not on his brief.

## II. Service of Process

Service of process is the primary means whereby a trial court obtains personal jurisdiction over a defendant. The court has no power to compel an individual defendant to appear before it or to obey its orders in the absence of personal jurisdiction. Accordingly, there is very little a plaintiff can do to prosecute his case until he has served the defendant.

Both Davidson County Local Rule 18.02 and Rule 41.02(1), Tenn. R. Civ. P., authorize the trial court to dismiss complaints for failure to prosecute. Such a rule is a necessary tool to enable the court to manage its own docket. *Osagie v. Peakload Temporary Services,* 91 S.W.3d 326 (Tenn. Ct. App. 2002). A trial court's decision to dismiss a case for failure to prosecute is within its sound discretion, and will not be reversed on appeal unless there is abuse of that discretion. *Manufacturers Consolidation Service, Inc. v. Rodell,* 42 S.W.3d 846 (Tenn. Ct. App. 2000); *White v. College Motors, Inc.*, 370 S.W.2d 476 (Tenn. 1963).

Mr. Griffin never succeeded in obtaining service on Mr. Roberts. He alleges that the attorney made a concerted effort to evade service by refusing to accept certified letters, and by moving frequently from place to place. Whether or not this is true, Mr. Griffin has been unable to move his case forward because of the lack of service.

We note that our courts do not look favorably upon attempts to evade service. *Stempa v. Walgreen Co.*, 70 S.W.3d 39 (Tenn. Ct. App. 2001), and that such conduct is all the more unacceptable when engaged in by members of the bar. Nonetheless, we do not believe the trial court abused its discretion by dismissing Mr. Griffin's complaint, especially in light of the developments in this area of the law while Mr. Griffin's action was pending in the trial court.

## III. *Gibson v. Trant*

Our Supreme Court has recently ruled on the burden a criminal defendant must meet in order to maintain a legal malpractice suit against an attorney who represented him at trial. In *Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001), the Court determined that Tennessee would align itself with the majority of other states by requiring that a criminal defendant be exonerated before he is allowed to claim that his conviction was procured or affirmed as a result of legal malpractice. 58 S.W.3d at 108.

The Court reasoned that the State of Tennessee has provided a channel of recourse for the criminal defendant who believes he has been wrongly convicted, in the form of the post-conviction process. Once a defendant's challenge to his conviction has been rejected in a post-conviction proceeding, a legal malpractice claim against the attorney who represented him would be a means of collaterally attacking the result of that proceeding, and of undermining its finality. The court ruled that it was not appropriate for "criminal convictions to be tested in the civil court arena," 58 S.W.3d at 112, and that "[w]e should not rely on legal malpractice actions to do the work of the criminal

justice system and the Board of Professional Responsibility, especially where doing so may discourage the thorough representation of indigent criminal defendants" 58 S.W.3d at 116.

We do not hold that *Gibson v. Trant* is an absolute bar to Mr. Griffin's malpractice action since the alleged malpractice occurred in the post-conviction proceeding. But since the same allegations have been examined in the Court of Criminal Appeals and found to be without merit, *see Griffin v. State*, App. No. 01C01-9801-CC-00004 (Tenn. Crim. App. May 6, 1999), the doubtful validity of the malpractice complaint elevates Mr. Griffin's burden of showing that the trial court abused its discretion.

## IV.

The judgment of the trial court is affirmed. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Steven Griffin.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.