IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 17, 2005 Session

## MAY SLONE v. JAMES M. MITCHELL, ET AL.

**Appeal from the Circuit Court for Jefferson County**
**No. 18,544 II     Richard R. Vance, Judge**

_____

**No. E2005-00842-COA-R3-CV  - FILED DECEMBER 27, 2005**

_____

This medical malpractice case focuses on the correct interpretation of Tenn. R. Civ. P. 3 as we attempt to ascertain whether this suit, filed pursuant to the saving statute, was pursued so as to "toll the running of [the] statute of limitations." The trial court held that, since no process was issued within 30 days[1] of the filing of the plaintiff's complaint and since the process that was eventually issued and later served on the defendants was not issued within one year of the filing of the complaint, the plaintiff's suit was filed outside the one-year statute of limitations. The trial court dismissed the plaintiff's complaint. She appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY and SHARON G. LEE, JJ., joined.

Mitzi L. Sweet, Morristown, Tennessee, for the appellant, May Slone.

Jeffrey M. Ward, Greeneville, Tennessee, for the appellees, James M. Mitchell and SE Emergency Physicians.

Edward G. White, II, and E. Michael Brezina, III, Knoxville, Tennessee, for the appellee, Jefferson Memorial Hospital, Inc.

Gary Spangler and Travis J. Ledgerwood, Knoxville, Tennessee, for the appellees, F. Gregory Curtin, M.D., and Abercrombie Radiological Consultants, Inc.

---

[1]The 2005 amendment to Tenn. R. Civ. P. 3 changed the two numerical references in the third sentence of the rule from 30 days to 90 days.

## OPINION

### I.

Certain facts are not in dispute. The plaintiff's cause of action against the five defendants – all health providers – arises out of their alleged malpractice in failing, on May 9, 2001, to properly diagnose and treat the plaintiff for a ruptured ectopic pregnancy. On the one-year anniversary of the alleged malpractice, *i.e.,* on May 9, 2002, the plaintiff filed a *pro se* complaint against the defendants. On September 20, 2002, the trial court entered an order of voluntary nonsuit and dismissed the complaint without prejudice.

On August 19, 2003, which the plaintiff acknowledges is more than one year after the accrual of her cause of action – and, hence, outside the applicable one-year period of the statute of limitations – the plaintiff again filed a *pro se* complaint against the same defendants. It is undisputed that this filing was timely as it was within the one-year period alluded to in the saving statute, Tenn. Code Ann. § 28-1-105(a) (2000).[2]

The plaintiff's second filing is the one at issue in the instant case. There is no documentary evidence in the court file reflecting that process was issued at or about the time the second complaint was filed. Furthermore, it is clear that none of the defendants were served with process until after process was finally issued on September 17, 2004, which, as can be seen, was more than one year after the second complaint was filed.

### II.

The defendants filed a motion to dismiss or, in the alternative, for summary judgment. Affidavits were thereafter filed. Since "matters outside the pleadings [were] presented to and not excluded by the [trial] court," Tenn. R. Civ. P. 12.03, we treat the trial court's subsequent order dismissing the plaintiff's second complaint as one granting summary judgment. ***Id.*** Since summary judgment presents a pure question of law, our review is *de novo* on the record of the proceedings below with no presumption of correctness as to the trial court's legal judgments. ***Hembree v. State***, 925 S.W.2d 513, 515 (Tenn. 1996). Rather, we must decide anew "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. In our review, we must view the material in the record in

---

[2] Tenn. Code Ann. § 28-1-105(a) provides, in pertinent part, as follows:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. . . .

the light most favorable to the opponent of the motion, here the plaintiff, and afford to her all reasonable inferences from the facts before us. **Byrd v. Hall**, 847 S.W.2d 208, 210-11 (Tenn. 1993).

III.

The version of Tenn. R. Civ. P. 3 in effect at all times material to the instant case provides as follows:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. *If process remains unissued for 30 days* or is not served within 30 days from issuance, *regardless of the reason*, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, *if no process is issued, within one year of the filing of the complaint*.

(Emphasis added).

We addressed this version of Rule 3 in our published opinion in the case of **Stempa v. Walgreen Co.**, 70 S.W.3d 39 (Tenn. Ct. App. 2001), *perm. app. denied*, November 5, 2001. In **Stempa**, the plaintiffs' attorney, upon filing the complaint, instructed the clerk not to immediately issue process. **Id.** at 40. Process was eventually issued, but not until 11 months and 29 days later. **Id.** The trial court dismissed the complaint despite the fact that process later was issued within one year of the filing of the complaint. **Id.** at 40-41. The trial court stated that the question before it was whether "our law allow[s] someone to file a lawsuit in secret" and "lay in wait" until one day shy of the one-year anniversary of the complaint's filing, and, nevertheless, still permits a plaintiff to pursue its suit even through the one-year period of limitations has expired. **Id.** at 41. The trial court concluded that such an interpretation would lead to a result "that's not doing justice." **Id.**

On appeal, we reversed the trial court. **Id.** at 44. We did so because process in that case was issued "within one year of the filing of the complaint." Tenn. R. Civ. P. 3. In the course of our opinion, we made the following pertinent comments:

> Rule 3 specifically addresses the present situation *where no process is issued within 30 days of the filing of the complaint*. While it may be ill-advised to wait to have process issued, and certainly the better practice is to *ensure* the court clerk issues process when a complaint is filed, Rule 3 says what it says.

-3-

* * *

> [T]he phrase "regardless of the reason" in Rule 3 leaves no doubt that the "reason" for process not being issued is not a consideration. Applying the plain and unambiguous language of Rule 3, we conclude that because Plaintiffs had process issued within one year of the filing of the Complaint, they are entitled to rely on the original filing date to toll the running of the statute of limitations. Accordingly, their lawsuit was not subject to dismissal on that basis.

*Id.* at 43 (emphasis added).

IV.

While the plaintiff acknowledges the undisputed nature of the facts set forth in Section I of this opinion, she contends that there are other facts, which, if true, create a genuine issue of material fact rendering summary judgment inappropriate. She argues that these facts, when viewed, as they must be, in the light most favorable to her, create issues for the trier of fact to resolve.

The plaintiff's brief recites facts as found in her affidavit, the affidavit of her mother, Mattie Slone, and the affidavit of the trial court clerk. In fairness to the plaintiff, we will state these facts verbatim from her brief, deleting only the references to the pages of the various affidavits:

> On August 19, 2003 Ms. Slone's mother, Mattie Slone, drove Ms. Slone to Jefferson County Courthouse and gave her the money to pay for the summonses to be served at the time the Complaint was filed. Ms. Slone hand-delivered the Complaint and summonses to the Jefferson County Clerk's office where she re-filed her Complaint on August 19, 2003 and paid the required fees.
>
> The clerk admitted that Ms. Slone's Complaint was filed on August 19, 2003. The clerk also stated that a fee is always assessed for filing a complaint but that the court clerk's records do not show that the fees were paid for the filing of the Complaint.
>
> At the same time Ms. Slone filed her Complaint, she also requested summonses to be issued and paid the appropriate fees to the clerk for service of process. That same day, Ms. Slone also contacted the Sheriff's Department for Knox County and made an additional request to that department to issue summonses for the defendants in her cause of action.

On August 19, 2003 and August 20, 2003, Ms. Slone followed up with both the Jefferson County Clerk's Office and the Knox County Sheriff's Department to confirm that the summonses had been issued. The employee at the Knox County Sheriff's Department assured her that the summonses had been issued and that they were in the process of being served.

Later in August 2003, Ms. Slone again followed up with the Knox County Sheriff's Department to inquire whether the summonses had been served and at that time the Sheriff's Department employee told her that the summonses had been served and that the Sheriff's Department had returned service. Additionally, Ms. Slone called the Jefferson County Clerk's Office and she was again assured that the summonses had been served and returned. Ms. Slone was satisfied by the statements of the Sheriff's Department and the clerk of court that the summonses had, in fact, been issued, served and returned and therefore she took no further action.

In September 2004, thirteen months after the filing of the Complaint, Ms. Slone decided to seek the assistance of counsel. Ms. Slone contacted Mitzi L. Sweet, Esq. [her present appellate counsel] to discuss her case and request representation. As part of Ms. Sweet's initial investigation into the case she contacted the Jefferson County Clerk's office and at that time was informed by the clerk that the Complaint had been filed but that no summonses had been issued. Ms. Slone then caused the summonses to be re-issued but approximately thirteen months had elapsed since August 19, 2003.

The plaintiff makes a number of arguments. She contends that she exercised "due diligence" in talking to the clerk and process server on multiple occasions to make sure that the defendants were served with process in connection with her timely[3] filing of suit. She points out that it was the clerk, not her, who was legally responsible for the issuance of process. She relies upon our unpublished opinion in the case of ***Selvy v. Vinsant***, No. 03A01-9903-CV-00081, 1999 WL 894435 (Tenn. Ct. App. E.S., filed October 13, 1999). She strenuously urges us to hold that she "substantially complied" with Rule 3. She further argues that the legislative intent embodied in the applicable version of Rule 3 is

to make the plaintiff take initiative and follow up to ensure that the summons was served. The legislators also intended for clerks to

---

[3] As stated earlier in this opinion, the plaintiff's second complaint was filed within the one-year period of the saving statute.

> comply by issuing the summons forthwith and the process servers to comply with the rule by returning service.

Finally, the plaintiff contends that we should read into Rule 3 an exception for a litigant who does everything it can to satisfy itself that the clerk and process server have fulfilled their responsibilities.

V.

We are not persuaded by the plaintiff's arguments. As we said in **Stempa**, the phrase, "regardless of the reason," is clear in its meaning. 70 S.W.3d at 43. The language "leaves no doubt that the 'reason' for process not being issued is not a consideration." **Id.** We decline to read into the "regardless of the reason" language an exception for a situation where one takes reasonable steps to confirm telephonically that the clerk and process server have done their respective duties under the law in issuing process and in serving same. Furthermore, we find nothing in Rule 3 to suggest that "substantial compliance" satisfies the terms of the rule.

We recognize that, during the critical periods at issue in this case, the plaintiff was proceeding *pro se*. Courts cannot "excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." **Young v. Barrow**, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). The best way to "ensure" that the clerk and process server have done their respective jobs is to personally go to the clerk's office and examine the official court file for one's case. Papers pertaining to the issuance and service of process will be in that file. If process was not issued or, if issued, was not served, a quick look at the file will so indicate.

It must be further remembered that the failure to immediately issue process is not fatal to a plaintiff's reliance on the filing of the complaint to toll the running of the statute of limitations. If, when the complaint is filed, no process is issued for 30 days, a litigant still has a year from the filing of the complaint to secure the issuance of process and thereby "save" the date of filing of the complaint as an act tolling the period of limitations. It cannot be argued that a one-year period in the context under discussion is not reasonable.

The **Selvy** case does not support the plaintiff's position in the case at bar. In **Selvy**, we held that summary judgment was not appropriate because there was a genuine issue of material fact as to whether a summons was filed with the original complaint. 1999 WL 894435, at *3. This fact was important, *i.e.*, material, in that case because, if a summons was filed with the complaint, alias process issued on August 28, 1996 was valid process in connection with a complaint filed on July 8, 1996. Since the latter process was served on the defendants on September 20, 1996, that suit, later nonsuited without prejudice, would support, under the saving statute, a second suit filed within one year of the dismissal. **Id.,** at *1. **Selvy**, however, does not involve the barring effect of *no* process being issued during the period of one year from the filing of the complaint.

While the plaintiff's affidavits create issues of fact, those facts are not "material" in this case and, hence, of no consequence. The holding in *Stempa* is an applicable and complete precedent for upholding the trial court's judgment in the instant case.

VI.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, May Slone. This case is remanded to the trial court for collection of costs assessed there, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE