IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 26, 2015 Session

## DORIS ANNETTE CHRISTENBERRY v. J.G. CHRISTENBERRY ET AL.

**Appeal from the Circuit Court for Blount County
No. L-18822     David R. Duggan, Judge**

_____

### No. E2015-00497-COA-R3-CV-FILED-JANUARY 14, 2016

_____

This appeal involves parties who were married for thirty-six years prior to divorcing in 2004. The wife claims that she received a judgment against the husband pursuant to their divorce entitling her to the sum of $24,000. The wife insists that because this judgment was never paid by the husband, she filed a lien against real property that was awarded to him in the divorce. Upon learning that the real property in question was scheduled to be sold at auction, the wife filed the instant action, seeking to stop the auction and enforce her lien. The trial court dismissed the wife's complaint and also dismissed and dissolved the underlying lien. Wife timely appealed. Having determined that the trial court's judgment of dismissal was erroneous, we reverse the judgment and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Doris Annette Christenberry, Seymour, Tennessee, Pro Se.

John D. Lockridge and Michael J. Bock, Knoxville, Tennessee, for the appellee, J.G. Christenberry.

### OPINION

The plaintiff, Doris Annette Christenberry ("Wife"), and the defendant, J.G. Christenberry ("Husband"), were divorced in 2004 following a marriage of thirty-six years' duration. In conjunction with the divorce, the trial court distributed the parties'

marital assets. The court awarded the parties' marital residence to Wife but granted Husband a life estate in said marital residence should Wife predecease him. Husband was awarded the parties' ownership in H.A.G., Inc., which included property consisting of a golf course, a rental house, and an inn. Wife appealed the trial court's property distribution, taking issue with the trial court's award of the life estate in the marital residence plus all of the property owned by H.A.G., Inc., to Husband. In addition, Wife complained that the trial court should have awarded her the "farm" and additional acreage that were "part of" the marital residence property. Wife further posited that the trial court erred by awarding Husband a rental home on Tittsworth Road in Seymour while only awarding Wife $20,000 for her ownership interest in said rental property.

On appeal, this Court modified the trial court's marital property distribution by removing the life estate in the marital residence that had been granted to Husband. *Christenberry v. Christenberry*, No. E2004-02193-COA-R3-CV, 2005 WL 1996622 at *4 (Tenn. Ct. App. Aug. 19, 2005). Wife was instead declared to be the sole owner of that residence. *Id.* Regarding Wife's remaining issues, this Court determined that the trial court's marital property distribution should be affirmed in all respects. *Id.*

Wife, self-represented, filed the present action on October 10, 2014, seeking to "cease and stop the Auction or Sale of Property of 115 acres located at 1326 Tittsworth Rd, Seymour, Tennessee." According to Wife's complaint, she had previously recorded a lien on this property owned by Husband. In support of the lien, Wife relied on a judgment in her favor of $24,000, which Husband had never paid. Wife subsequently filed a document entitled "Evidence and Proof to Support Motion in Lawsuit to Cease Auction and in Support of Lien," attaching a copy of the lien document that she filed and recorded with the Blount County Register of Deeds on April 2, 2013. In the lien document, Wife also referenced an unpaid judgment against Husband in the amount of $24,000; however, a copy of the judgment was not attached to the documents filed by Wife in this action.

Wife did attach to her supporting documentation copies of letters she had sent to Husband and the other defendants named in this action, namely United Country Real Estate and Lisa McBride at Clinch Mountain Realty and Auction. These letters purported to notify the defendants of Wife's existing lien on the property, which had apparently been scheduled for sale by auction. The record contains no evidence that summonses were issued or served upon the defendants at the time Wife's complaint was filed or at any time following.

On December 5, 2014, the defendants filed a motion to dismiss pursuant to Tennessee Rules of Civil Procedure 12.02, 12.03, and 12.06.[1]  The defendants asserted that the complaint failed to state a claim upon which relief could be granted and that the underlying lien was invalid and unenforceable.  The defendants further claimed insufficiency of process and insufficiency of service of process.

A hearing was held regarding the motion to dismiss, during which Wife appeared *pro se*.  The trial court subsequently entered an order, finding in pertinent part:

1.  That no process is prayed for in the complaint;

2.  That records on file from the Clerk's Office do not reflect any issue of summons, which is not prayed for, therefore there is no issuance of service and return of service;

3.  That there is both insufficiency of process and insufficiency of service of process;

4.  That based on the quit claim deed dated September 20, 2006 and the correction quit claim deed, dated December 8, 2006, both from [Wife] to [Husband], that the property at issue was conveyed to [Husband] pursuant to the quit claim deed and correction quit claim deed;

5.  That also pursuant to the quit claim deeds, [Wife] has no interest to the property described in the quit claim deeds, less Exhibit A to the correction quit claim deed;

6.  That with respect to the lien, the Court finds that [Wife] referenced the lien in the complaint;

7.  That, in essence, she has amended the complaint by filing a second document on October 20, 2014, (ten days after the original complaint) entitled EVIDENCE AND PROOF TO SUPPORT THE MOTION IN LAWSUIT TO CEASE AUCTION AND IN SUPPORT OF LIEN;

8.  That [Wife] had the right to file an amended complaint

---

[1] We note that Tennessee Rule of Civil Procedure 12.03 addresses motions for judgment on the pleadings. Tennessee Rule of Civil Procedure 12.06 concerns motions to strike.

3

without leave of the Court because no answer had been yet filed;

9. That the Court will treat the complaint as amended;

10. That in the complaint, as amended, the Plaintiff is seeking to enforce the lien as to property she quit claimed to [Husband] on September 20, 2006.

Accordingly, based upon the findings of fact, the Court dismisses the complaint, as amended, and orders the lien be dissolved and dismissed. The Court directs that a copy of the quit claim deed and the corrected quit claim deed with the included exhibit be attached to this court order as Exhibit A. The Court further directs that all necessary costs be taxed to the plaintiff.

(Emphasis in original.)

The trial court subsequently entered an amended order of dismissal, referencing the record book and page number of the dismissed and dissolved lien. Wife timely appealed.

## II. Issues Presented

Wife presents the following issues for our review, which we have restated slightly:

1. Whether the trial court erred in considering quitclaim deeds presented to the court during the hearing, which Wife stated to the court were fraudulent documents.

2. Whether the trial court erred in failing to address the fact that $10,000 in property taxes had been paid by Wife.

3. Whether the trial court erred in its interpretation of this Court's previous ruling, which awarded Wife sole ownership of the marital residence.

4. Whether the trial court erred in dismissing Wife's lien for the payment of $24,000 awarded to her in the property distribution pursuant to the parties' judgment of divorce.

4

Husband frames the sole issue for review as:

5.      Whether the trial court erred in dismissing Wife's complaint and dissolving Wife's lien placed on Husband's property.

## III.  Standard of Review

As our Supreme Court has elucidated with regard to motions seeking dismissal of a complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6):

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted.  Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion.  In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.  It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief.  Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) (internal citations omitted).  Similarly, with respect to the grant of a motion for judgment on the pleadings pursuant to Tennessee Rule of Civil Procedure 12.03, our Supreme Court has explained:

> In light of the fact that this case was dismissed on a motion for judgment on the pleadings pursuant to Rule 12.03 of the Tennessee Rules of Civil Procedure, we are bound to treat as false all allegations of the Defendant, the moving party, which are denied, and as true all well-pleaded allegations contained in the pleadings of the Plaintiff, the opponent of the motion.  In other words, on an appeal from an order allowing a judgment on the pleadings, as in this case, all well-pleaded facts and all reasonable inferences drawn therefrom must be accepted as true.  Conclusions of law are not admitted nor should judgment on the pleadings be granted unless the moving party is clearly entitled to judgment.  Thus, all of the facts alleged by the Plaintiff in this case must be taken as true and the issue then

5

before us is whether upon those facts the Plaintiff's complaint states a cause of action that a jury should have been entitled to decide.

*McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991) (internal citations omitted).

We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d at 903.

## IV.  Lack of Issuance and Service of Process

Determining that the action filed by Wife was, in essence, an action to enforce her lien, the trial court dismissed the action based in part upon Wife's failure to have summonses issued or served at the time of filing the complaint. The trial court entered its order of dismissal approximately four months following the filing of the complaint. We find this action by the trial court to be in error, and we find this issue to be dispositive of the appeal.

As previously stated, Wife filed her complaint on October 10, 2014. No summonses were issued at that time. Wife instead included a certificate of service with the complaint, reflecting that she mailed or delivered copies of the complaint to the defendants. Such action by Wife does not comply with the requirements of Tennessee Rule of Civil Procedure 3, which states:

> All civil actions are commenced by filing a complaint with the clerk of the court. <u>An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved.</u> If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations <u>unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.</u>

(Emphasis added.) Furthermore, Tennessee Rule of Civil Procedure 4.01 provides:

(1) Upon the filing of the complaint the clerk of the court wherein the complaint is filed shall forthwith issue the required summons and cause it, with necessary copies of the complaint and summons, to be delivered for service to any person authorized to serve process. This person shall serve the summons, and the return indorsed thereon shall be proof of the time and manner of service. A summons may be issued for service in any county against any defendant, and separate or additional summonses may be issued against any defendant upon request of plaintiff. Nothing in this rule shall affect existing laws with respect to venue.

(2) A summons and complaint may be served by any person who is not a party and is not less than 18 years of age. The process server must be identified by name and address on the return.

(3) If a plaintiff or counsel for plaintiff (including third-party plaintiffs) intentionally causes delay of prompt issuance of a summons or prompt service of a summons, filing of the complaint (or third-party complaint) is ineffective.

(Emphasis added.)

In this case, Wife did not request that summonses be issued at the time the complaint was filed. Furthermore, the clerk did not cause summonses to be issued. As this Court has previously recognized: "Rule 4.01 requires that process be issued 'forthwith.' This duty, however, is placed squarely on the court clerk . . . ." *Stempa v. Walgreen Co.*, 70 S.W.3d 39, 43 (Tenn. Ct. App. 2001). Based upon its findings of fact, the trial court determined that Wife's complaint should be dismissed, premised in part upon the grounds of insufficiency of process and insufficiency of service of process. Having thoroughly reviewed this matter, however, we determine that the trial court's dismissal on this basis was in error.

Pursuant to the explicit language of Tennessee Rule of Civil Procedure 3, if no process is issued at the time of the filing of the complaint, the plaintiff may have process issued for up to one year from the complaint's filing date. Failure to issue process will result in the filing of the complaint being ineffective to toll the statute of limitations during the year following the filing date only if the plaintiff or plaintiff's attorney intentionally causes delay in the issuance or service of the summons. *See* Tenn. R. Civ. P. 4.01(3). Conversely, unintentional delay in the issuance or service of a summons would still properly commence the action. *See* Tenn. R. Civ. P. 3 ("An action is

commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved."). *See also Stempa*, 70 S.W.3d at 44.

The trial court herein dismissed Wife's complaint four months following the filing of the complaint for, *inter alia*, insufficiency of process and insufficiency of service of process. We conclude that the trial court erred in relying upon the lack of issuance or service of process as a ground for dismissal when Wife had one year from the date the complaint was filed during which she could have process issued and served. *See Slone v. Mitchell*, 205 S.W.3d 469, 473 (Tenn. Ct. App. 2005); *Stempa*, 70 S.W.3d at 44. Although a demonstration of intentional delay by Wife in the issuance or service of summons would alter this holding, Husband presented no evidence of intentional delay in this case. *See* Tenn. R. Civ. P. 4.01(3).

By reason of the trial court's dismissal of the complaint for insufficiency of process and service of process within one year of the filing of the complaint, we determine that the trial court's judgment of dismissal must be reversed. This case is remanded to the trial court for summonses to be issued and served upon the defendants. We note that, without proper issuance and service of process, the court never acquired personal jurisdiction over the defendants. *See McNeary v. Baptist Mem'l Hosp.*, 360 S.W.3d 429, 436 (Tenn. Ct. App. 2011). The trial court and, consequently, this Court would thus be unable to adjudicate any of the substantive issues raised by the parties until personal jurisdiction has been acquired. *Turner v. Turner*, 473 S.W.3d 257, 269 (Tenn. 2015) ("The lawful authority of a court to adjudicate a controversy brought before it depends upon that court having jurisdiction of the subject matter and jurisdiction of the parties.").

## VI. Conclusion

For the foregoing reasons, the trial court's judgment of dismissal is reversed. This case is remanded to the trial court for summonses to be issued and served upon the defendants and for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellee, J.G. Christenberry.

_____
THOMAS R. FRIERSON, II, JUDGE

8